UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GREENWICH LIFE SETTLEMENTS, INC. and
GREENWICH SETTLEMENTS MASTER TRUST,      Civil Action # 08 CV 03062
                                         (PKL) ECF CASE
                    Plaintiffs,

  - against -                              **VERIFIED ANSWER**

VIASOURCE FUNDING GROUP, LLC,

                    Defendant.
-----------------------------------------------------------------------x

      The Petitioner, ViaSource Funding Group, LLC ("ViaSource"), by its undersigned attorneys, Kelleher & Dunne LLP, for its answer to plaintiffs' Verified Complaint (the "Complaint"), respectfully alleges, upon information and belief, as follows:

      1.    Denies the truth of the allegations in paragraph "1".

      2.    Denies the truth of the allegations in paragraph "2", and refers the Court to the terms and provisions of the documents referenced therein.

      3.    Denies the allegations in paragraph "3", and refers the Court to the terms and provisions of the documents referenced therein.

      4.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "4".

      5.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "5".

      6.    Admits the allegations in paragraph "6".

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "7".

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "8".

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "9".

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "10".

11. Admits purchased the Policy, but denies information sufficient to form a belief as to the truth of the other allegations in paragraph "11".

12. Denies Legacy purchased the Policy, denies knowledge and information sufficient to form a belief as to the truth of the balance of the allegations in paragraph "12", and refers the Court to the terms and provisions of the documents reference therein.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "13", and refers the Court to the terms and provisions of the documents reference therein.

14. Denies the allegations as stated in paragraph "14", as ViaSource and Legacy never agreed upon the terms and provisions of a sale, and no agreement or contract for sale of the Policy by ViaSource ever came into existence.

15. Denies the allegations as stated in paragraph "15", and refers the Court to the terms and provisions of the documents referenced therein.

16. Denies the allegations in paragraph "16".

17. Denies the allegations in paragraph "17" regarding Defendant's execution, and denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding Greenwich, and refers the Court to the terms and provisions of the documents referenced therein.

18. Denies the truth of the allegations in paragraph "18".

19. Denies Legacy possessed any right, title and interest in the Policy, and denies knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph "19", and refers the Court to the terms and provisions of the documents referenced therein.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "20".

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "21".

22. Regarding paragraph "22", denies as to Legacy, but admits as to Greenwich, because ViaSource was not aware of Greenwich's purported involvement in the matter, had no communication with Greenwich, and bore no responsibility to Greenwich.

23. Denies the allegations in paragraph "23" as no contract between Defendant and Legacy existed.

24. Denies the allegations in paragraph "24".

25. Denies the truth of the allegations in paragraph "25".

26. Denies the allegations in paragraph "26".

27. Admits the truth of the allegations in paragraph "27".

28. Denies the allegations in paragraph "28".

29. As to paragraph "29", Defendant repeats and reiterates all of its responses in paragraphs "1-28" as if fully set forth at length herein.

30. Denies the allegations in paragraph "30".

31. Denies the truth of the allegations in paragraph "31".

32. Denies the allegations in paragraph "32".

33. Denies the allegations in paragraph "33".

34. Denies the allegations in paragraph "34".

35. Denies the allegations in paragraph "35".

36. As to paragraph "36", Defendant repeats and reiterates all of its responses in paragraphs "1-35" as if fully set forth at length herein.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "37".

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "38", and refers the Court to the terms and provisions of the documents referenced therein.

39. Denies the allegations in paragraph "39".

40. Denies the allegations in paragraph "40".

41. Denies the allegations in paragraph "41".

42. Denies the allegations in paragraph "42".

43. Denies the allegations in paragraph "43".

44. Denies the allegations in paragraph "44".

45. As to paragraph "45", Defendant repeats and reiterates all of its responses in

paragraphs "1-44" as if fully set forth at length herein.

46.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "46", and refers the Court to the terms and provisions of the documents referenced therein.

47.  Denies the allegations in paragraph "47".

48.  Denies the allegation in paragraph "48".

49.  Denies the allegations in paragraph "49".

50.  Denies the allegations in paragraph "50".

51.  Denies the allegations in paragraph "51".

52.  As to paragraph "52", Defendant repeats and reiterates all of its responses in paragraphs "1-51" as if fully set forth at length herein.

53.  Denies the allegations in paragraph "53".

54.  Denies the allegations in paragraph "54".

55.  Denies the allegations in paragraph "55".

56.  Denies the allegations in paragraph "56".

57.  Denies the allegations in paragraph "57".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58.  The Complaint fails to state a cause of action because, *inter alia*, there is no privity of contract and/or consideration by or between the parties.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59.  The Complaint must be dismissed, as plaintiffs have failed to satisfy all conditions precedent.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. The Complaint must be dismissed, as defendant had no duty, in law or equity, to plaintiffs.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. The Complaint must be dismissed as Plaintiffs failed to name all necessary parties.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Plaintiffs' claims in equity must be dismissed based upon their unclean hands and the doctrines of waiver, estoppel and laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims must fail, as defendant, at all times, acted in accord with the terms and provisions of the relevant documents that it executed.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. Plaintiffs' claim for tortious interference must fail, as no evidence exists demonstrating ViaSource was aware of the contract between plaintiff and Legacy, and that ViaSource intentionally procured the alleged breach.

### AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

65. Plaintiffs' claim for tortious interference must fail, as the "economic justification" defense defeats the claim, and plaintiffs' cannot demonstrate actual malice or illegality by defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

66. The allegations set forth in plaintiffs' complaint do not state a proper cause of action upon which punitive damages can be awarded.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

67. Plaintiffs' claim for punitive damages violates, and is therefore barred by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

   a. it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. the procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   c. the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process of the Fourteenth Amendment of the United States Constitution;

   d. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   e. the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   f. the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   g. the award of punitive damages to the Plaintiff in this action would constitute a

        deprivation of property without due process of law; and

    h.  the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

68.    Plaintiffs' claim for punitive damages violates, and is therefore barred by the following provisions of the Constitution of the State of New York, Article I, Sections 5, 6, 11, and 12 on grounds including the following:

    a.  it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.  the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

    c.  the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

    d.  the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

    e.  the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

    f.  the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    g.  the award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law;

    h.  the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty; and

    i.   the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

69. The Complaint must be dismissed as no personal jurisdiction has been obtained over defendant and venue is improper.

### AS AND FOR A THRITEENTH AFFIRMATIVE DEFENSE

70. Because no meeting of the minds occurred between ViaSource and Legacy, no contract between them existed; therefore, plaintiffs' claim must be dismissed as, *inter alia*, it has no standing and its complaint fails to state a cause of action as a matter of law.

### AS AND FOR A FOURTENTH AFFIRMATIVE DEFENSE

71. Plaintiffs' claim alleging third-party beneficiary status fails, both legally and factually, as Legacy and ViaSource have discontinued, with prejudice, and released any and all claims against each other.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

72. The Complaint must be dismissed under the doctrine of Release.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

73. The Complaint must be dismissed under the doctrine of Accord and Satisfaction.

### AS AND FOR A SEVENTENTH AFFIRMATIVE DEFENSE

74. The plaintiffs' claims, if any, are barred and extinguished by settlement.

### AS AND FOR AN EIGHTENTH AFFIRMATIVE DEFENSE

75. The plaintiffs' claims, if any, are barred by res judicata and collateral estoppel.

### AS AND FOR A NINETENTH AFFIRMATIVE DEFENSE

76. The plaintiffs' claims, if any, are barred by breach of contract.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

77. The plaintiffs' claims, if any, are barred by the Statute of Frauds.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

78. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

79. The plaintiffs lack standing to sue.

**WHEREFORE**, defendant, ViaSource Funding, prays that the above-entitled action be dismissed in its entirety, together with an award of costs and fees, as well as any other, different and further relief as this Court deems just and proper.

Dated: New York, New York
April 7, 2008

          **Kelleher & Dunne LLP**
          *Attorneys for Defendant*

          By:_____S_____
          John W. Dunne (JD 2515)
          17 Battery Place, 11th Fl.
          New York, NY 10004
          212-825-1700

TO: Richard G. Haddad, Esq.
     OTTERBOURG, STEINDLER,
     HOUSTON & ROSEN, P.C.
     *Attorneys for Plaintiffs*
     230 Park Ave.
     New York, NY 10169

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK)
                     ) ss.:
COUNTY OF NEW YORK)

      The undersigned, an attorney admitted to practice before the District Court for the Southern District of New York, does hereby state that I am a member of the firm of Kelleher & Dunne LLP, attorneys for defendant herein. I have read the annexed Verified Answer and know the contents thereof, and the same are true to my knowledge except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon discussions with the client, and books and records maintained in the files at your deponent's office. Affirmant further states that the reason this verification is made by affirmant and not defendant is because said plaintiff does not reside in the county wherein affirmant maintains his office, to wit, New York County.

Dated:  New York, New York
         April 8, 2008

                                                  _____/s/_____
                                                  *John W. Dunne (JD 2515)*

CERTIFICATE OF SERVICE

    I hereby certify that on this 8th day of April, 2008, a true and correct copy of the foregoing **VERIFIED ANSWER** was served by first class mail on:

Otterbourg, Steindler, Houston & Rosen, P.C.
*Attorneys for Plaintiff*
230 Park Ave.
New York, NY 10169

                             _____s_____
                                 John W. Dunne

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Index No. 08 Civ. 03062 (PKL)

_____

GREENWICH LIFE SETTLEMENTS, INC.. and
GREENWICH SETTLEMENTS MASTER TRUST,

Plaintiffs,

- v -

VIASOURCE FUNDING GROUP, LLC.,

Defendant.

_____

**VERIFIED ANSWER**

---

JOHN W. DUNNE, ESQ
KELLEHER & DUNNE LLP
*Attorneys for Defendant*
17 Battery Place, 11th Floor
New York, NY 10004

---

Dated: New York, New York
April 8, 2008