UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GREENWICH LIFE SETTLEMENTS, INC. and
GREENWICH SETTLEMENTS MASTER TRUST,

                                    Plaintiffs,

           - against -

VIASOURCE FUNDING GROUP, LLC,

                                    Defendant.
-----------------------------------------------------------------------x

Civil Action# **08 CV 03062**
(PKL) ECF CASE


**VERIFIED ANSWER
AND COUNTERCLAIM
TO CORRECTED
<u>AMENDED COMPLAINT</u>**

        The defendant/counterclaimant, ViaSource Funding Group, LLC ("ViaSource"), by its

undersigned attorneys, Lynn, Gartner & Dunne, LLP, for its answer and counterclaim to plaintiffs'

Corrected Amended Verified Complaint (the "Complaint"), respectfully alleges, upon information

and belief, as follows:

        1.        Denies the truth of the allegations in paragraph "1".

        2.        Denies the truth of the allegations in paragraph "2", and refers the Court to the terms

and provisions of the true and correct documents pertaining to this action.

        3.        Denies the allegations in paragraph "3", and refers the Court to the terms and

provisions of the true and correct documents pertaining to this action.  In particular, but without

limitation, the document attached as Exhibit A to the Complaint is not a true and correct coy of any

document delivered to defendant.

        4.        Denies knowledge and information sufficient to form a belief as to the truth of the

allegations in paragraph "4".

5.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "5".

6.      Admits the allegations in paragraph "6".

7.      Admits the allegations in paragraph "7", but reserves the right to move to change Venue.

8.      Denies the allegations in paragraph "8".  In particular, but without limitation, the document attached as Exhibit A to the Complaint is not a true and correct copy of any document delivered to defendant.  Plaintiffs are not and were not parties to any written agreement with defendant, and no contract ever came into existence between ViaSource and either plaintiffs or Legacy Benefits.

9.      Denies the allegations in paragraph "9".  In particular, but without limitation, the document attached as Exhibit A to the Complaint is not as true and correct copy of any document delivered to the defendant.  Plaintiffs are not and were not parties to any agreement with defendant. No contract ever came into existence between ViaSource and either the plaintiffs or Legacy Benefits.

10.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "10".

11.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "11".

12.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "12".

13.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "13".

14.    Admits ViaSource purchased the Policy, but denies information sufficient to form a belief as to the truth of the other allegations in paragraph "14".

15.    Denies Legacy purchased the Policy, denies knowledge and information sufficient to form a belief as to the truth of the balance of the allegations in paragraph "15", and refers the Court to the terms and provisions of the documents referenced therein.

16.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "16", and refers the Court to the terms and provisions of the documents referenced therein.

17.    Denies the allegations as stated in paragraph "17", as ViaSource and Legacy never agreed upon the terms and provisions of a sale, and no agreement or contract for sale of the Policy by ViaSource ever came into existence.

18.    Denies the allegations as stated in paragraph "18", and refers the Court to the terms and provisions of the documents referenced therein.

19.    Denies the allegations in paragraph "19".

20.    Denies the allegations in paragraph "20" regarding Defendant's execution, and denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding Greenwich, and refers the Court to the terms and provisions of the documents referenced therein.

21.    Denies the truth of the allegations in paragraph "21".

22.    Denies Legacy possessed any right, title and interest in the Policy, and denies knowledge and information sufficient to form a belief as to the truth of the other allegations in

paragraph "22", and refers the Court to the terms and provisions of the documents referenced therein.

23.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "23".

24.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "24".

25.     Regarding paragraph "25", denies as to Legacy, but admits as to Greenwich, because ViaSource was not aware of Greenwich's purported involvement in the matter, had no communication with Greenwich, and bore no responsibility to Greenwich.

26.     Denies the allegations in paragraph "26" as no contract between Defendant and Legacy existed.

27.     Denies the allegations in paragraph "27".

28.     Denies the allegations in paragraph "28".

29.     Denies the allegations in paragraph "29".

30.     Admits the truth of the allegations in paragraph "30".

31.     Denies the allegations in paragraph "31".

32.     As to paragraph "32", Defendant repeats and reiterates all of its responses in paragraphs "1-31" as if fully set forth at length herein.

33.     Denies the allegations in paragraph "33".

34.     Denies the allegations in paragraph "34".

35.     Denies the allegations in paragraph "35".

36.     Denies the allegations in paragraph "36".

4

37.     Denies the allegations in paragraph "37".

38.     Denies the allegations in paragraph "38".

39.      As to paragraph "39", Defendant repeats and reiterates all of its responses in paragraphs "1-38" as if fully set forth at length herein.

40.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "40".

41.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "41", and refers the Court to the terms and provisions of the documents referenced therein.

42.     Denies the allegations in paragraph "42".

43.     Denies the allegations in paragraph "44".

44.     Denies the allegations in paragraph "44".

45.     Denies the allegations in paragraph "45".

46.     Denies the allegations in paragraph "46".

47.     Denies the allegations in paragraph "47".

48.     As to paragraph "48", Defendant repeats and reiterates all of its responses in paragraphs "1-48" as if fully set forth at length herein.

49.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "49", and refers the Court to the terms and provisions of the documents referenced therein.

50.     Denies the allegations in paragraph "50".

51.     Denies the allegation in paragraph "51".

52.     Denies the allegations in paragraph "42".

53.     Denies the allegations in paragraph "53".

54.     Denies the allegations in paragraph "54".

55.     As to paragraph "55", Defendant repeats and reiterates all of its responses in paragraphs "1-51" as if fully set forth at length herein.

56.     Denies the allegations in paragraph "56".

57.     Denies the allegations in paragraph "57".

58.     Denies the allegations in paragraph "58".

59.     Denies the allegations in paragraph "59".

60.     Denies the allegations in paragraph "60".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61.     The Complaint fails to state a cause of action because, *inter alia*, there is no privity of contract and/or consideration by or between the parties.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62.     The Complaint must be dismissed, as plaintiffs have failed to satisfy all conditions precedent.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63.     The Complaint must be dismissed, as defendant had no duty, in law or equity, to plaintiffs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64.     The Complaint must be dismissed as Plaintiffs failed to name all necessary parties.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65.    Plaintiffs' claims in equity must be dismissed based upon their unclean hands and the doctrines of waiver, estoppel and laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66.    Plaintiffs' claims must fail, as defendant, at all times, acted in accord with the terms and provisions of the relevant documents that it executed.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

67.    Plaintiffs' claim for tortious interference must fail, as no evidence exists demonstrating ViaSource was aware of the contract between plaintiff and Legacy, and no evidence exists demonstrating that ViaSource intentionally procured the alleged breach.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

68.    Plaintiffs' claim for tortious interference must fail, as the "economic justification" defense defeats the claim, and plaintiffs' cannot demonstrate actual malice or illegality by defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69.    The allegations set forth in plaintiffs' complaint do not state a proper cause of action upon which punitive damages can be awarded.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

70.    Plaintiffs' claim for punitive damages violates, and is therefore barred by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

    a.  it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

7

b. the procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c. the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process of the Fourteenth Amendment of the United States Constitution;

d. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f. the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g. the award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

h. the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

71.    Plaintiffs' claim for punitive damages violates, and is therefore barred by the following

provisions of the Constitution of the State of New York, Article I, Sections 5, 6, 11, and 12 on

grounds including the following:

i. it is a violation of the Due Process and Equal Protection Clauses to impose

8

punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

j.   the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

k.   the procedures pursuant to which punitive damages are awarded fail to provide a limit  on the amount of the award against the defendant;

l.   the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

m.   the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

n.   the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar  conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

o.   the award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law;

p.   the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty; and

q.   the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE

72.   The Complaint must be dismissed as no personal jurisdiction has been obtained over defendant and venue is improper.

## AS AND FOR A THRITEENTH AFFIRMATIVE DEFENSE

73.   Because no meeting of the minds occurred between ViaSource and Legacy, no contract between them existed; therefore, plaintiffs' claim must be dismissed as, *inter alia*, it has no standing and its complaint fails to state a cause of action as a matter of law.

**AS AND FOR A FOURTENTH AFFIRMATIVE DEFENSE**

74.     Plaintiffs' claim alleging third-party beneficiary status fails, both legally and factually, as Legacy and ViaSource have discontinued, with prejudice, and released any and all claims against each other.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

75.     The Complaint must be dismissed under the doctrine of Release.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

76.     The Complaint must be dismissed under the doctrine of Accord and Satisfaction.

**AS AND FOR A SEVENTENTH AFFIRMATIVE DEFENSE**

77.     The plaintiffs' claims, if any, are barred and extinguished by settlement.

**AS AND FOR AN EIGHTENTH AFFIRMATIVE DEFENSE**

78.     The plaintiffs' claims, if any, are barred by res judicata and collateral estoppel.

**AS AND FOR A NINETENTH AFFIRMATIVE DEFENSE**

79.     The plaintiffs' claims, if any, are barred by breach of contract.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

80.     The plaintiffs' claims, if any, are barred by the Statute of Frauds.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

81.     The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

82.     The plaintiffs lack standing to sue.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

83.     The plaintiffs' claims are barred by fraud.

## COUNTERCLAIM

The defendant, ViaSource Funding Group, LLC ("ViaSource"), by way of Counterclaim against the plaintiffs, Greenwich Life Settlements, Inc. and Greenwich Settlements Master Trust, jointly, severally and in the alternative, says:

### NATURE OF THE COUNTERCLAIMS

84.    Through its Counterclaims, ViaSource seeks recovery of its losses sustained and to be sustained as the proximate result of false and fraudulent activity by the plaintiffs, in connection with the viatical funding business and this litigation.

### THE PARTIES

85.    ViaSource is a limited liability company organized under the laws of the state of New Jersey, which is engaged in the viatical funding business and is duly authorized to do so.  As such, ViaSource purchases, holds and sells ownership interests in various life insurance policies that have been issued in the name of an owner who for a sum certain transfers the right to receive the benefits under the policy upon the death of the insured.

86.    Greenwich Life Settlements, Inc. and Greenwich Settlements Master Trust (collectively and individually, "Greenwich") have alleged that they have a business relationship with Legacy Benefits Corporation ("Legacy"), and have brought claims against ViaSource arising out of that alleged relationship.

### FIRST COUNT

12

87.     On or about June 11, 2007, ViaSource executed a Purchase Agreement and Irrevocable Absolute Assignment of Life Insurance Policy (the "Purchase Agreement") whereby it sought to sell and assign to Legacy the rights to the life insurance proceeds under a certain policy issued by TransAmerica Occidental Life Insurance Company, bearing Policy number 92551064. A complete and true copy of the Purchase Agreement is annexed as Exhibit A.

88.     Legacy never completed execution of the necessary documents in the form provided by ViaSource to effect the proposed transaction, nor did Legacy timely provide to ViaSource signed documents indicating that Legacy in fact agreed to the terms of the agreement.

89.     In particular, but without limitation, neither Legacy, Greenwich nor any other party provided to ViaSource the document annexed as Exhibit "A" to the Corrected Amended Complaint dated June 18, 2008 bearing the purported signature on behalf of Legacy. Any statement, allegation or implication by Greenwich or others that ViaSource received this document signed on behalf of Legacy is false and fraudulent.

90.     Under the terms of the proposed agreement between ViaSource and Legacy, Legacy was required to fully fund the assignment price with an escrow agent within three days after Legacy executed the document. Upon information and belief, Legacy never – timely or otherwise - funded the proposed transaction and never provided signed and executed contract documents to ViaSource.

91.     After a certain period of time, ViaSource realized that Legacy failed to comply with the terms and requirements of the proposed transaction, had not provided the signed Purchase Agreement (Ex. "A" hereto), and had not provided other required documents and funds. Accordingly, ViaSource notified Legacy that the proposed transaction had lapsed.

92.    Thereafter, Legacy, both directly and through counsel, wrongfully and falsely claimed that the agreement was in full force and effect as between ViaSource and Legacy. These claims included threats of legal action against ViaSource, which threats were later implemented by Legacy.

93.    In furtherance of its wrongful activity, Legacy and now Greenwich have uttered, published, filed with the courts, and otherwise used forged, false and fraudulent documents as a basis to, *inter alia*, support its meritless legal claims.

94.    Further specifying, without limitation, the forged, false and fraudulent documents:

Attached hereto as Exhibit A is a true, correct and complete copy of the one and only Purchase Agreement ever signed on behalf of ViaSource. ViaSource never received, from Legacy or any other party, a Purchase Agreement signed on behalf of Legacy. Accordingly, the copy of the Purchase Agreement attached as "Exhibit A" to the Corrected Amended Complaint in this action is *forged, false and fraudulent*.

95.    Attached hereto as Exhibit B is a true, correct and complete copy of the one and only Assignment to Transfer Ownership ever signed on behalf of ViaSource, and also on behalf of GE Capital Corporation, a financing source for ViaSource. Attached as Exhibit C is a copy of the *forged, false and fraudulent* document used by Legacy and relied upon by Greenwich. On the false, forged and fraudulent document, the date of ViaSource's signature was altered from May 16, 2007 to read July 17, 2007; the date of John Garvey's signature (for GE Capital Corporation) was altered from June 18, 2007 to July 18, 2007; the New Policy Owner's Name has been filled in; and details as to the New Owner have been filled in.

96.     Attached hereto as Exhibit D is a true, correct and complete copy of the one and only Beneficiary designation ever signed on behalf of ViaSource, and also on behalf of GE Capital Corporation, a financing source for ViaSource.  Attached hereto as Exhibit E is a copy of the *forged, false and fraudulent* document used by Legacy and relied upon by Greenwich.  On the false, forged and fraudulent document, the date of ViaSource's signature was altered from May 16, 2007 to read July 17, 2007; the name, address and relationship have been filled in.

97.     Attached hereto as Exhibit F is a copy of a Verified Complaint – with exhibits - filed on behalf of Legacy in the Supreme Court of New York.  The Exhibits to that Verified Complaint included the false, forged and fraudulent documents.  This Complaint was filed wrongfully, maliciously, and with intent to injure ViaSource for the benefit of Legacy, and as now used for the benefit of Greenwich.  Greenwich had actual knowledge of the false, forged and fraudulent documents when it filed its Corrected Amended Complaint.

98.     Attached hereto as Exhibit G is a copy of a Complaint filed on behalf of ViaSource in the Superior Court of New Jersey, Law Division, Monmouth County, in response to the wrongful and malicious conduct of Legacy.

99.     The aforementioned documents, and others, were provided to Greenwich after commencement of this action, as a means to demonstrate to them that no agreement with Legacy ever existed and that Legacy withdrew any claims against ViaSource.  The documents were provided to induce Greenwich to withdraw this action.  Notwithstanding the document production, Greenwich has failed and refused to withdraw this action.  The within action, initiated on behalf of Greenwich, is based upon the wrongful and malicious conduct of Legacy.

15

100.    Upon information and belief, Greenwich is acting in concert with Legacy in an attempt to extract financial gain at the expense of ViaSource.

101.    As a direct and proximate result of the wrongful, malicious and fraudulent actions of Greenwich and its reliance upon Legacy, ViaSource has sustained, is sustaining, and may or will in future sustain, damage and detriment, including attorneys fees, costs, damage to its reputation and credit, and otherwise.

## SECOND COUNT

102.    ViaSource repeats and re-alleges each and every allegation in paragraph 1 through 20 as if set forth herein at length.

103.    On or about January 25, 2008, Legacy and ViaSource reached a confidential settlement between them.  The terms of the settlement are confidential, and ViaSource will seek leave to provide the settlement document to the Court and interested parties.

104.    By Stipulation of Discontinuance dated December 3, 2007, Legacy discontinued with prejudice its action in New York under which it claimed ownership of the policy.  A copy of this Stipulation is annexed as Exhibit H.

105.    By Stipulation of Dismissal filed January 28, 2008, and in response to the dismissal and abandonment by Legacy of any claim to the policy, ViaSource dismissed its action against Legacy in the courts of New Jersey.  A copy of this Stipulation is annexed as Exhibit I.

106.    At no time either during the proposed transaction or thereafter, through and including the settlement and mutual dismissals, did Legacy ever indicate that Greenwich was involved in any way in the proposed transaction.  On the contrary, Legacy acted at all times as if it were the sole party in interest, and that the dismissal of Legacy's claims regarding the policy would leave ViaSource as the sole and unquestioned owner of the policy.

17

107.    By its Complaint in this action, Greenwich has alleged that they, or either of them, have rights against ViaSource, were third party beneficiaries of alleged agreements between Legacy and ViaSource, and otherwise.

108.    Legacy and Greenwich willfully and maliciously concealed and failed to disclose the alleged involvement of Greenwich, thereby fraudulently induced ViaSource to dismiss its action against Legacy.  ViaSource foreseeably and reasonably relied upon the representation and silence of Legacy, and upon the silence of Greenwich, in dismissing its action against Legacy and otherwise.

109.    As a direct and proximate result of the wrongful, malicious and fraudulent actions of Greenwich, ViaSource has sustained, is sustaining, and may or will in future sustain, damage and detriment, including attorneys fees, costs, damage to its reputation and credit, and otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, defendant-counterclaimant, ViaSource Funding, prays that the above-entitled action be dismissed in its entirety, together with an award of costs and fees, as well as any other, different and further relief as this Court deems just and proper, including damages on its counterclaims, as follows:

a)    Awarding damages on the first and second counterclaims in an amount to be determined at trial, but believed to be not less than $1,000,000.00; and

b)    Such other relief as this Court deems just and proper.

Dated: New York, New York
       July 16, 2008

                              **LYNN, GARTNER & DUNNE, LLP**
                              Attorneys for *Defendant*

                              By: _____/s/_____
                                        John W. Dunne (JD 2515)

                              330 Old Country Rd., Ste. 103
                              Mineola, New York 11501
                              (516) 742-6200

TO:    Richard G. Haddad, Esq.
       **OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**
       Attorneys for *Plaintiffs*
       230 Park Ave.
       New York, New York 10169

## ATTORNEY VERIFICATION

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF NASSAU)

The undersigned, an attorney admitted to practice before the District Court for the Southern District of New York, does hereby state that I am a member of the firm of Lynn, Gartner & Dunne, LLP, attorneys for defendant herein.  I have read the annexed Verified Answer to the Corrected Amended Complaint and know the contents thereof, and the same are true to my knowledge except those matters therein which are stated to be alleged on information and belief.  As to those matters, I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon discussions with the client, and books and records maintained in the files at your deponent's office.  Affirmant further states that the reason this verification is made by affirmant and not defendant is because said plaintiff does not reside in the county wherein affirmant maintains his office, to wit, Nassau County.

Dated:   New York, New York
         July 16, 2008

                                        /s/
                                John W. Dunne (JD 2515)

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2008, a true and correct copy of the foregoing

**VERIFIED ANSWER TO CORRECTED AMENDED COMPLAINT**, was served by first class

mail on:

      TO:          Richard G. Haddad, Esq.
                    **Otterbourg, Steindler, Houston & Rosen, P.C.**
                    Attorneys for *Plaintiffs*
                    230 Park Avenue
                    New York, New York   10169

                                      _____/s/_____
                                        John W. Dunne

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.  **08 Civ. 03062** (PKL)
_____

GREENWICH LIFE SETTLEMENTS, INC. and
GREENWICH SETTLEMENTS MASTER TRUST,

*Plaintiffs*,

- against -

VIASOURCE FUNDING GROUP, LLC.

*Defendant*.

_____

# VERIFIED ANSWER AND COUNTERCLAIMS TO CORRECTED COMPLAINT

JOHN W. DUNNE, ESQ
**LYNN, GARTNER & DUNNE, LLP**
*Attorneys for Defendant*
17 Battery Place, 11th Floor
New York, New York 10004

Dated:  New York, New York
July 16, 2008

22

EXHIBIT A

## PURCHASE AGREEMENT AND IRREVOCABLE
## ABSOLUTE ASSIGNMENT OF LIFE INSURANCE POLICY
### ("PURCHASE AGREEMENT")

ViaSource Funding Group, LLC, domiciled at 106 Allen Road, Bernard Township, NJ 07920 ("SELLING POLICY OWNER") and Melanie Weller ("INSURED") residing at 1034 Liberty Park Drive, Apt. 120, Austin, TX 78746, the owner and insured, respectively, of life insurance policy number 92551064 ("POLICY") issued by TransAmerica Occidental Life Insurance Company ("INSURANCE COMPANY"), and having a total face value of $ 4,312,500.00 (Four Million Three Hundred Twelve Thousand Dollars and 00/100 cts) in consideration of $3,951,662.00 (Three Million Nine Hundred Fifty One Thousand Six Hundred Sixty Two Dollars and 00/100) ("PURCHASE PRICE") to be paid to the SELLING POLICY OWNER by Legacy Benefits Corporation ("LBC"), a New York corporation having offices at Empire State Building, 350 Fifth Avenue, Suite 4320, New York, NY 10118, hereby assigns, transfers, and delivers to LBC, its successors, and/or assigns all of the rights, title, interest, options, and privileges in, to, and under the POLICY as owner/assignee thereof, subject to the terms of this agreement.

Included in this sale, assignment, transfer, and delivery shall be all monies due and to become due or payable under the POLICY and all dividends, options, benefits, and advantages derived from the POLICY, including, but not limited to, the right to surrender the POLICY at any time and to receive the surrender value thereof; the right upon the death of the insured, to collect the death benefit payable under the POLICY; and all other rights and benefits afforded to the owner, insured and/or beneficiary(ies) of and under the POLICY.

SELLING POLICY OWNER warrants the validity and sufficiency of this absolute and unconditional sale and assignment to LBC, its successors and/or assigns, of all of SELLING POLICY OWNER'S rights, title, to and/or interest in, and to the POLICY. SELLING POLICY OWNER further warrants that no tax or creditor's lien has been filed against SELLING POLICY OWNER, no judgment has been filed against SELLING POLICY OWNER or any of SELLING POLICY OWNER'S property, and no assignment has been made by SELLING POLICY OWNER for the benefit of creditors or any other persons.

SELLING POLICY OWNER hereby acknowledges and agrees that (a) SELLING POLICY OWNER is represented in this transaction by SELLING POLICY OWNER's independent life settlement broker ("BROKER") which BROKER acts as SELLING POLICY OWNER's agent in negotiations of the PURCHASE PRICE and in providing information and documentation to LBC on behalf of SELLING POLICY OWNER; (b) in addition to the PURCHASE PRICE, LBC will pay a commission to BROKER as compensation for this transaction; (c) regardless of BROKER'S receipt of commissions

08-PA-Weller, M-92551064                Page 1 of 7                THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

or other compensation from LBC, BROKER represents the interests of SELLING POLICY OWNER only and does not represent the interests of INSURANCE COMPANY or LBC in the sale of the POLICY; (d) BROKER is not an agent of LBC; and (e) LBC does not represent SELLING POLICY OWNER in the sale of the POLICY.

SELLING POLICY OWNER further represents and warrants to LBC that: (a) this PURCHASE AGREEMENT is the legal, valid and binding obligation of the SELLING POLICY OWNER enforceable in accordance with its respective terms, (b) SELLING POLICY OWNER is the sole and undisputed owner of the POLICY, (c) the face amount of, and net death benefit payable under, the POLICY is correctly set forth herein, (d) the benefits under the POLICY are incontestable, as set forth in any contestability provisions of the POLICY and to the best of SELLING POLICY OWNER's knowledge there are no facts or circumstances in existence as of the date hereof which could serve as a defense to payment in full of the death benefits payable by the INSURANCE COMPANY to the named beneficiaries upon the death of the INSURED, (e) there are no liens on the POLICY, (f) (1)SELLING POLICY OWNER has not filed for bankruptcy and the POLICY has not been subject to any bankruptcy proceedings since both the date of the POLICY was issued and the effective date of any additions or changes in coverage provided by the POLICY or (2) if SELLING POLICY OWNER has filed for bankruptcy, the POLICY was not subject to the claims of creditors and SELLING POLICY OWNER has provided LBC with a true, complete and correct copy of the bankruptcy discharge document and any bankruptcy documents related to the POLICY, (g) the POLICY is not the subject of any law, divorce decree or other legal impediment which requires that the POLICY be maintained for the benefit of any person or entity or which prohibits or restricts SELLING POLICY OWNER from executing this PURCHASE AGREEMENT and/or from transferring the full ownership of the POLICY and changing the beneficiary designation thereof, (h) there are no restrictions on the transfer of the POLICY, (i) there are no unpaid premiums on the POLICY, (j) the POLICY is in full force and effect and has not lapsed, and, the original owner of the POLICY at issuance had an insurable interest in the INSURED at the time the POLICY was originally issued, and (k) all of the information contained in each of the documents delivered by or on behalf of SELLING POLICY OWNER to LBC in connection with this PURCHASE AGREEMENT is true, complete and correct and none of such information or representation and warranty omits to state a material fact necessary to make such information, representation and/or warranty not misleading in light of the circumstances under which such statement(s) were made.

In the event that a premium payment on the POLICY becomes due following the date on which settlement funds are deposited to ESCROW AGENT's escrow account but prior to the date on which INSURANCE COMPANY has recorded that the POLICY's ownership has been transferred to LBC or the ESCROW AGENT, SELLING POLICY OWNER shall make the minimum required premium payment to INSURANCE COMPANY to maintain the POLICY in force.

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 6320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

SELLING POLICY OWNER hereby acknowledges and understands that this AGREEMENT is based upon SELLING POLICY OWNER's application to LBC and that the statements and answers therein contained, continue to be true to the best of the SELLING POLICY OWNER's knowledge and belief, and shall continue to be true of the time of closing. Any change in SELLING POLICY OWNER's application shall be made in writing and signed by SELLING POLICY OWNER and LBC.

SELLING POLICY OWNER hereby acknowledges and agrees that LBC shall be permitted to disclose the identity and/or medical and financial information of SELLING POLICY OWNER to a third person if such disclosure is necessary to effect this PURCHASE AGREEMENT or necessary to permit LBC's financing entity, related trust or special purpose entity to finance the purchase of the POLICY by LBC.

Notwithstanding the foregoing, SELLING POLICY OWNER hereby acknowledges and agrees that LBC, at its own will and discretion, may transfer, sell, assign, or otherwise dispose of the POLICY and all its related legal, insurance, and medical documents to another purchaser(s) or financial institution at any time. SELLING POLICY OWNER and INSURED hereby acknowledge and agree that following the transfer of the POLICY by LBC, a subsequent owner of the POLICY shall have the right to directly request and obtain updated medical records regarding the INSURED from INSURED's medical practitioners for purpose of updating the INSURED's mortality evaluation or selling the POLICY to potential third parties. SELLING POLICY OWNER further acknowledges and agrees that any consents and authorizations relating to the release of personal data and medical information specifically contemplate the potential resale of the POLICY and the redisclosure of such information to potential purchasers of the POLICY.

There are no fees to be paid by SELLING POLICY OWNER to LBC in order to sell the POLICY.

It is agreed that an escrow agreement ("ESCROW AGREEMENT") shall be signed by LBC, SELLING POLICY OWNER, Wells Fargo Northwest, National Association, as escrow agent ("ESCROW AGENT"). The ESCROW AGREEMENT provides for the transfer of settlement proceeds due to SELLING POLICY OWNER within three (3) business days of receipt by LBC of written confirmation from INSURANCE COMPANY that the POLICY's ownership and/or assignment has been transferred to LBC.

It is agreed that LBC, as per the ESCROW AGREEMENT, shall arrange for the settlement funds to be deposited to ESCROW AGENT's escrow account within three (3) business days of receipt by LBC or ESCROW AGENT of SELLING POLICY OWNER'S signed documents necessary to effect the transfer of the POLICY to LBC, its assigns or to the ESCROW AGENT.

SELLING POLICY OWNER has the right to rescind this PURCHASE AGREEMENT

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

before the earlier of thirty calendar days after the date when this PURCHASE AGREEMENT is executed by all parties or fifteen calendar days after the receipt of the settlement proceeds by the SELLING POLICY OWNER, provided that, within the rescission period SELLING POLICY OWNER advises LBC of SELLING POLICY OWNER'S desire to rescind and refunds LBC the settlement proceeds and any premiums, loans and loan interest. LBC's rights and interest in the POLICY will terminate upon LBC's timely receipt of such payment.

Should INSURED die prior to the end of the rescission period, it shall be deemed that SELLING POLICY OWNER has rescinded this PURCHASE AGREEMENT if repayment of all settlement proceeds and, if applicable, any premiums, loans and loan interest to LBC is made within forty-five days after the end of the rescission period.

SELLING POLICY OWNER hereby acknowledges that SELLING POLICY OWNER has been given the opportunity to review this PURCHASE AGREEMENT with independent counsel of SELLING POLICY OWNER'S choosing and is entering into this PURCHASE AGREEMENT freely and voluntarily, without constraint and without anyone exerting any influence of any kind over SELLING POLICY OWNER.

SELLING POLICY OWNER hereby acknowledges that SELLING POLICY OWNER consents to this PURCHASE AGREEMENT, has a full and complete understanding of this PURCHASE AGREEMENT and the benefits of the POLICY, has released INSURED's medical records to LBC, and has consulted with any such persons as SELLING POLICY OWNER shall have deemed appropriate prior to entering into this PURCHASE AGREEMENT.

This PURCHASE AGREEMENT, together with SELLING POLICY OWNER's APPLICATION and ESCROW AGREEMENT, constitute the entire contract between LBC and OWNER.

This PURCHASE AGREEMENT shall be construed and enforced in accordance with the laws of the State of New York excluding any conflict-of-laws rule or principle that might refer the governance or the construction of this agreement to the law of another jurisdiction, and any litigation related to this PURCHASE AGREEMENT shall be brought in the State of New York.

ANY PERSON WHO KNOWINGLY PRESENTS FALSE INFORMATION IN AN APPLICATION FOR INSURANCE OR VIATICAL SETTLEMENT CONTRACT IS GUILTY OF A CRIME AND MAY BE SUBJECT TO FINES OR CONFINEMENT IN PRISON.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____11_____ day of _____June_____, 200_7_.

SELLING POLICY OWNER: _____

STATE OF _____New Jersey_____ )
                                               ) SS:
COUNTY OF _____Somerset_____ )

On this __11__ day of __June_____, 20007, before me came _____
Christopher T. Daly – CFO/VP___ to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____Sonia L Ayers_____

My Commission Expires _____4/21/2010_____

SONIA LYNN AYERS
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 4/21/2010

IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____11_____ day of _____June_____, 200_7_.

SELLING POLICY OWNER: _____

STATE OF _____New Jersey_____ )
                                               ) SS:
COUNTY OF _____Somerset_____ )

On this __11__ day of __June_____, 200_7_, before me came _____
Marc E. Feaster – CEO/Pres. to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____Sonia L Ayers_____

My Commission Expires _____4/21/2010_____

SONIA LYNN AYERS
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 4/21/2010

08-P-A-Weller, M-9255 1864          Page 5 of 7

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.275.1000
212.643.1290
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____ day of _____, 200___.

SELLING POLICY OWNER: _____

STATE OF _____ )
                              ) SS:
COUNTY OF _____ )

On this _____ day of _____, 200___ , before me came _____
_____ to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____

My Commission Expires _____


IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____ day of _____, 200___.

INSURED: _____

STATE OF _____ )
                              ) SS:
COUNTY OF _____ )

On this _____ day of _____, 200___ , before me came _____
_____ to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____

My Commission Expires _____

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.275.1000
212.643.1190
212.643.1190 FAX
WWW.LEGACYBENEFITS.COM

LEGACY BENEFITS CORPORATION

By: _____
    Name                    Title

    _____
    Date

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 6320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

# EXHIBIT B

TRANSAMERICA
LIFE COMPANIES

## Assignment To Transfer Ownership
### for Life Insurance Policies
This form cannot be used for Annuity Plans or Contracts
(This form does not change the beneficiary of the Policy)



☐ Transamerica Occidental Life Insurance Company    ☐ Transamerica Assurance Company    ☐ Transamerica Life Insurance and Annuity Company
P.O. Box 419521                                      P.O. Box 30852                        P.O. Box 419521
Kansas City, MO 64141-6521                           Los Angeles, CA 90030                 Kansas City, MO 64141-6521
This Policy of Insurance is issued or assumed by one of the companies shown above, herein called the "Company"

**Policy Number:** 9255 1064      **Insured's Name:** Melanie A. Weller

| New Owner's Name | The recorded designation form will be mailed to the address shown at the left, unless otherwise indicated below and initialed by the owner. |
| --- | --- |
| Address | *Return Owner's Copy to:*   Owner's Initials ____ |
| | ☐ General Agency/GA Code ____ |
| City          State          Zip | ☐ Fax to: ( ) |

THIS FORM WILL NOT BE RECORDED IF MODIFIED UNLESS APPROVED BY THE COMPANY'S ADMINISTRATIVE OFFICES
☑ For good and sufficient consideration,          ☐ As a gift for love and affection with no valuable consideration,
all rights, title and interest of the undersigned in the Policy is hereby assigned for the purpose of transferring ownership to:

NAME OF NEW OWNER: _____

TRUSTEE (S) NAME IF TRUST OWNER: _____    New Owner's Social Security No./Tax ID No. _____

ADDRESS OF NEW OWNER: _____
          Address          City          State          Zip
The new owner is:    ☐ Individual    ☐ Corporation    ☐ Partnership    ☐ Trust: ____ (indicate date)    ☐ Other ____ (specify)

NAME OF CONTINGENT OWNER (Optional): _____

TRUSTEE (S) NAME IF TRUST CONTINGENT OWNER: _____    Contingent Owner's Social Security No./Tax ID No. _____

ADDRESS OF CONTINGENT OWNER: _____
          Address          City          State          Zip
The Contingent Owner is:    ☐ Individual    ☐ Corporation    ☐ Partnership    ☐ Trust: ____ (indicate date)    ☐ Other ____ (specify)

Before the death of the Insured, the New Owner of the Policy alone shall be entitled to all rights granted by the Policy or allowed by the Company under the Policy, including the right to assign the Policy and the right to transfer ownership thereby revoking any prior designation of a Contingent Owner. If the New Owner is a Partnership, all rights of the Owner belong to the Partnership as constituted at the time a right is exercised. This Assignment revokes any previous designations of Contingent Owner for the Policy, regardless of whether a Contingent Owner is designated on this Assignment. If there is a designation for a New Contingent Owner, then if the Owner, or a Contingent Owner after becoming Owner, predeceases the Insured, the next surviving living Contingent Owner designated shall be the Owner of the Policy. If there is no surviving Contingent Owner, the estate of the deceased Owner (or the estate of a Contingent Owner who became the Owner) shall own the Policy.

Beneficiary Not Changed: This Assignment does not change the beneficiary of the Policy. Unless the right to change the beneficiary is specifically exercised by the New Owner, the beneficiary of the Policy shall be the same as the beneficiary of record at the time of this Assignment.

The Company may rely solely upon the signature of the Owner under this Assignment for any receipt, release, waiver, transfers or other instruments, to whomsoever made. The validity of this Assignment is hereby guaranteed by the undersigned. The signature to this Assignment is a warranty that the undersigned is legally capable of executing this Assignment and that no proceeding in insolvency or bankruptcy have been instituted by or against the undersigned.

ASSIGNMENT BY: (Signature Requirements on Reverse Side)

| DATE SIGNED: 5-16-07 | ViaSource Funding Group, LLC |
| --- | --- |
| | Print Current Owner's Complete Name |
| (732) 280-8500 | 22-3849682 |
| Current Owner's Daytime Telephone Number | Current Owner's Social Security Number/Tax ID Number    Christopher T Daly–CFO/VP |
| X _____ | _____    ViaSource Funding Group, LLC |
| Witness Signature | Current Owner's Signature (include Title, if Business or Trust)    Todd E Wessler–CEO/President |
| x 106 Allen Road, Bernard Township, NJ 07920 | _____    ViaSource Funding Group, LLC |
| Address of Witness | Current Owner's Signature (include Title, if Business or Trust) |

| This Assignment has been recorded at the Company. The Company assumes no legal responsibility for the sufficiency or validity of the Assignment. |
| --- |
| Date recorded: _____    by: _____ |

### TRANSFER OF OWNERSHIP
John Garvey    John Garvey – Duly Authorized Signatory    6/18/07
Current Collateral Assignee – General Electric Capital Corporation          Date

TOA 504 M ED. 0899

# EXHIBIT C

TRANSAMERICA
LIFE COMPANIES

**Assignment To Transfer Ownership**
for Life Insurance Policies
This form cannot be used for Annuity Plans or Contracts
(This form does not change the beneficiary of the Policy)

☐ Transamerica Occidental Life Insurance Company
P.O. Box 412521
Kansas City, MO 64141-6521

☐ Transamerica Assurance Company
P.O. Box 30882
Los Angeles, CA 90030

☐ Transamerica Life Insurance and Annuity Company
P.O. Box 419521
Kansas City, MO 64141-6521

This Policy of Insurance is issued or renewed by one of the companies shown above, herein called the "Company"

| Policy Number: 92551064 | Insured's Name: Melanie A. Weller |
|---|---|

New Owner's Name: Legacy Benefits Corporation
Address: 350 Fifth Avenue Suite #3320
City: New York  State: NY  Zip: 10118

The recorded designation form will be mailed to the address shown at the left, unless otherwise indicated below and initialed by the owner.
Return Owner's Copy to:  Owner's Initials
☐ General Agency/GA Code _____
☐ Fax to: ( ) _____

THIS FORM WILL NOT BE RECORDED IF MODIFIED UNLESS APPROVED BY THE COMPANY'S ADMINISTRATIVE OFFICES
☑ For good and sufficient consideration,  ☐ As a gift for love and affection with no valuable consideration,
all rights, title and interest of the undersigned in the Policy is hereby assigned for the purpose of transferring ownership to:

NAME OF NEW OWNER: Legacy Benefits Corporation          13-3633985
                                                    New Owner's Social Security No./Tax ID No.
TRUSTEE (S) NAME IF TRUST OWNER: N/A

ADDRESS OF NEW OWNER: 350 Fifth Avenue Suite #320  New York  NY  10118
                              Address              City        State    Zip

The new Owner is:  ☐ Individual  ☒ Corporation  ☐ Partnership  ☐ Trust  ☐ Other ____
                                                              (indentured)      (specify)

NAME OF CONTINGENT OWNER (Optional): N/A          _____
                                              Contingent Owner's Social Security No./Tax ID No.
TRUSTEE (S) NAME IF TRUST CONTINGENT OWNER: N/A

ADDRESS OF CONTINGENT OWNER: _____
                              Address              City        State    Zip

The Contingent Owner is:  ☐ Individual  ☐ Corporation  ☐ Partnership  ☐ Trust  ☐ Other ____
                                                              (indentured)      (specify)

Before the death of the Insured, the New Owner of the Policy alone shall be entitled to all rights granted by the Policy or allowed by the Company under the Policy, including the right to assign the Policy and the right to transfer ownership thereby revoking any prior designation of a Contingent Owner. If the New Owner is a Partnership, all rights of the Owner belong to the Partnership as constituted at the time a right is exercised. This Assignment revokes any previous designations of Contingent Owner for the Policy, regardless of whether a Contingent Owner is designated on this Assignment. If there is a designation for a New Contingent Owner, then if the Owner, or a Contingent Owner other becoming Owner, predeceases the Insured, the next successive living Contingent Owner designated shall be the Owner of the Policy. If there is an surviving Contingent Owner, the estate of the deceased Owner (or the estate of a Contingent Owner who becomes the Owner) shall own the Policy.

Beneficiary Not Changed: This Assignment does not change the beneficiary of the Policy. Unless the right to change the beneficiary is specifically exercised by the New Owner, the beneficiary of the Policy shall be the same as the beneficiary of record at the time of this Assignment.

The Company may rely solely upon the signature of the Owner under this Assignment for any receipt, release, waiver, transfer or other instruments, to whomsoever made. The validity of this Assignment is hereby guaranteed by the undersigned. The signature to this Assignment is a warranty that the undersigned is legally capable of executing this Assignment and that no proceedings in insolvency or bankruptcy have been instituted by or against the undersigned.

ASSIGNMENT BY: (Signature Requirements on Reverse Side )

DATE SIGNED: 07-17-07          ViaSource Funding Group, LLC
                                    Print Individual Trust's Complete Name

(732) 280-8500                    22-3648662
Current Owner's Daytime Telephone Number    Current Owner's Social Security Number/Tax ID Number  Christopher T Duty–CEO/VP

X _____                         _____, CFO/VP    ViaSource Funding Group, LLC
Witness Signature                 Current Owner's Signature (include Title, if Business or Trust)  Thomas E Frankel–CEO/President

X 166 Allen Road, Bernard Township, NJ 07920   _____, CEO/Pres.  ViaSource Funding Group, LLC
Address of Witness                Current Owner's Signature (include Title, if Business or Trust)

This Assignment has been recorded at the Company. The Company assumes no legal responsibility for the sufficiency or validity of the Assignment.

Date recorded: _____   by: _____

**TRANSFER OF OWNERSHIP**                          TOA 204 M ED. 8899

John Garvey  John Garvey – Duly Authorized Signatory   07/18/07
Current Collateral Assignee – General Electric Capital Corporation      Date

# EXHIBIT D

**TRANSAMERICA LIFE COMPANIES**

## Beneficiary Designation
### for Life Insurance Policies

| | | |
|---|---|---|
| Transamerica Occidental Life Insurance Company<br>P.O. Box 419531<br>Kansas City, MO 64141-6521 | Transamerica Assurance Company<br>P.O. Box 30852<br>Los Angeles, CA 90030 | Transamerica Life Insurance & Annuity Company<br>P.O. Box 419531<br>Kansas City, MO 64141-6521 |

This Policy of Insurance is issued or assumed by one of the companies shown above, herein called the "Company"

**Policy Number:** 92551064        **Insured's Name:** Melanie A. Weller

| Owner's Name | The recorded designation form will be mailed to the address shown at the left, unless otherwise indicated below and initialed by the owner. |
|---|---|
| Address | *Return Owner's Copy to:*  **Owner's Initials**<br>☐ General Agency/GA Code _____ |
| City        State        Zip | ☐ Fax to: ( ) |

This Beneficiary Designation cancels all prior Beneficiary Designations and settlement agreements for the policy, identified by the number above, herein called the "Policy. Please see instructions, signature requirements, special provisions and sample Beneficiary Designations before completing this Form. The Policy's Death Benefit shall be paid in one sum to the designated beneficiary (ies), unless otherwise requested.

BENEFICIARY: Print full name, address and relationship to Insured. For multiple beneficiaries of unequal shares, indicate each beneficiary's share in parts or as a percentage of the Policy's Death Benefit next to their names. *(See reverse for additional instructions)*

Primary Beneficiary (ies): If more than one beneficiary is named, payment will be made in equal shares to the survivor(s), unless otherwise indicated.

| Name | Address | City, State, Zip Code | Relationship |
|---|---|---|---|
| | | | |

Contingent Beneficiary (ies): Receives proceeds at the death of the Insured only if all of the Primary Beneficiaries predecease the Insured.

| Name | Address | City, State, Zip Code | Relationship |
|---|---|---|---|
| | | | |

### Signatures (Signature Requirements on Reverse Side)

DATE SIGNED: 5-16-07

ViaSource Funding Group, LLC
Personal or Entity's Complete Name

(732) 280-8500
Current Owner's Daytime Telephone Number

22-3649682
Current Owner's Social Security Number/Tax ID Number
Christopher T Daly–CFO/VP

X _____
Witness Signature

ViaSource Funding Group, LLC
Current Owner's Signature (include Title, if Business or Trust)
Mark W Feaster–CEO/President

X 106 Allen Road, Bernards Township, NJ 07920
Address of Witness

ViaSource Funding Group, LLC
Current Owner's Signature (include Title, if Business or Trust)

This Beneficiary Designation has been recorded by the Company's Administrative Offices. The Company assumes no legal responsibility for the sufficiency or validity of the Beneficiary Designation.

Date recorded: _____        by: _____

John Gacey — Duly Authorized Signatory        6/18/07
Current Collateral Assignee – General Electric Capital Corporation        Date

**BENEFICIARY DESIGNATION**        TOB 306 M ED. 0799

# EXHIBIT E

TRANSAMERICA
HFB COMPANIES

**Beneficiary Designation**
for Life Insurance Policies

☐ Transamerica Occidental Life Insurance Company
P.O. Box 415521
Kansas City, MO 64141-6521

☐ Transamerica Assurance Company
P.O. Box 30352
Los Angeles, CA 90030

☐ Transamerica Life Insurance & Annuity Company
P.O. Box 415521
Kansas City, MO 64141-6521

This Policy of Insurance is issued or assumed by one of the companies shown above, herein called the "Company"

Policy Number: __92551064__    Insured's Name: __Melanie A. Weller__

| Owner's Name | The recorded designation form will be mailed to the address shown at |
| ViaSource Funding Group, LLC | the left, unless otherwise indicated below and initialed by the owner. |
| Address | Return Owner's Copy to:            Owner's Initials |
| 106 Allen Road | ☐ General Agency/GA Code ___ |
| City          State     Zip | |
| Bernards Township  NJ    07920 | ☐ Fax to: (    ) |

This Beneficiary Designation cancels all prior Beneficiary Designations and authorizes agreements for the policy, identified by the number above, herein called the Policy. Please see instructions, signature requirements, special provisions and sample Beneficiary Designations before completing this Form. The Policy's Death Benefit shall be paid in accordance to the designated beneficiary (ies), unless otherwise requested.

BENEFICIARY: Print full name, address and relationship to insured. For multiple beneficiaries of unequal shares, indicate each beneficiary's share in parts or as a percentage of the Policy's Death Benefit next to their names. *(See terms for additional instructions)*

Primary Beneficiary (ies): If more than one beneficiary is named, payment will be made in equal shares to the survivor(s), unless otherwise indicated.

| Name | Address | City, State, Zip Code | Relationship |
| Legacy Benefits Corporation | 350 Fifth Avenue, Suite 4320 | New York NY 10118 | Benefactor (financial) |

Contingent Beneficiary (ies): Receives proceeds at the death of the Insured only if all of the Primary Beneficiaries predecease the Insured.

| Name | Address | City, State, Zip Code | Relationship |
| N/A | | | |

Signatures *(Signature Requirements on Reverse Side)*

DATE SIGNED: __07-16-07__

(732) 980-8500

_____
Current Owner's Daytime Telephone Number

x _____
Witness Signature

x 106 Allen Road, Bernards Township, NJ 07920
Address of Witness

ViaSource Funding Group, LLC
Print or Type Owner's Complete Name

22-3649882
Current Owner's Social Security Number/Tax ID Number

x _____
Current Owner's Signature (include Title, if Business or Trust)

x _____
Current Owner's Signature (include Title, if Business or Trust)

Michael T Daly - CEO/VP
ViaSource Funding Group, LLC

Alex R Prestia - CFO/President
ViaSource Funding Group, LLC

This Beneficiary Designation has been recorded by the Company's Administrative Offices. The Company assumes no legal responsibility for the sufficiency or validity of this Beneficiary Designation.

Date recorded: _____    by: _____

_John Hovey_  John Casey - Duly Authorized Signatory    6/18/07
Current Collateral Assignee - General Electric Capital Corporation    Date

BENEFICIARY DESIGNATION    TOB 396 M ED. 0799

# EXHIBIT F

GREGORY T. CASAMENTO
LORD, BISSELL & BROOK LLP
Attorneys For Plaintiff
Legacy Benefits Corporation
885 Third Ave.
New York, NY 10022
212.947.4700
Fax 212-812-8385

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LEGACY BENEFITS CORPORATION          :     Index No. 603172/07

         Plaintiff,                              :

    - against -                                   :

VIASOURCE FUNDING GROUP, LLC,         :     **VERIFIED COMPLAINT**

         Defendant.                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Legacy Benefits Corporation ("Legacy"), by its attorneys, Lord, Bissell & Brook, LLP, alleges as follows on knowledge as to its own actions and otherwise on information and belief:

### NATURE OF THE ACTION

1.    This is an action for damages for breach of contract, punitive damages, and attorneys' fees from Defendant, ViaSource Funding Group, LLC ("ViaSource").

2.    Plaintiff brings this action against ViaSource for willful breach of a Purchase Agreement and Irrevocable Absolute Assignment of Life Insurance Policy (the "Purchase Agreement") pursuant to which ViaSource had agreed to sell to Legacy Life Insurance Policy No. 92551064.

3.    Plaintiff Legacy hereby seeks damages arising from the breach of contract, punitive damages, and Legacy's attorneys' fees.

### PARTIES

4.    Legacy is a corporation organized, existing, and doing business under the laws of the State of New York, with its principal place of business located in New York. Legacy is an innovative specialty-finance firm focused on the life settlement market.

5.    ViaSource is a limited liability company organized, existing, and doing business under the laws of the State of New Jersey, with its principal place of business in Bernard Township, New Jersey. Upon information and belief, ViaSource is also a specialty-finance firm focused on the life settlement market.

6.    Jurisdiction and venue are appropriate in this Court because, upon information and belief, at all times hereinafter mentioned, ViaSource was and still is a foreign corporation duly authorized to transact business within the State of New York. Additionally, ViaSource has consented to this jurisdiction and venue pursuant to the terms of the Purchase Agreement at issue in this action.

### FACTUAL BACKGROUND

7.    Both ViaSource and Legacy are in the business of, among other things, purchasing and selling life insurance policies.[1]

8.    On June 11, 2007, ViaSource executed a binding Purchase Agreement, pursuant to which ViaSource agreed to sell Legacy policy number 92551064 (the "Policy"), in consideration of $3,951,662. *See Ex. A.*[2]

9.    On July 27, 2007, Legacy executed the binding Purchase Agreement.

10.    Upon information and belief, the Policy was originally issued by TransAmerica Occidental Life Insurance Company (the "Insurer"), insuring the life of M.W. (the "Insured").

---

[1] The purchase and sale of a life insurance policy in the secondary market involves several steps. Generally after the purchase agreement is entered into between a buyer and a seller and all requested information/documentation is provided to the buyer, the buyer places the purchase funds in escrow. The buyer then sends change of ownership/beneficiary forms to the insurance company that issued the policy. Once the insurance company, pursuant to the change of ownership forms, changes the policy ownership and beneficiary from the seller to the buyer, the buyer instructs the escrow agent to release the purchase funds to the seller.
[2] True Copies of all exhibits referenced herein are annexed.

2

11.    Upon information and belief, ViaSource purchased the policy from the Insured.

12.    At the time the Purchase Agreement was entered into, the Policy had a total face value of $4,312,500, to be paid to the Policy beneficiary upon the death of the Insured.

### The Life Settlement Transaction

13.    Pursuant to the Purchase Agreement, the purchase price of $3,951,662 was deposited into escrow with Wells Fargo Northwest, the agreed upon escrow agent.

14.    As provided for by the Purchase Agreement, ViaSource executed the Assignment to Transfer Ownership for Life Insurance Policies Form and a Beneficiary Designation Form on July 17, 2007 and July 16, 2007, respectively, (the "Change of Ownership Forms"), which instructed the Insurer to institute Legacy as the owner and beneficiary of the Policy.

15.    As contemplated by the Purchase Agreement, Legacy then sent the Insurer the Change of Ownership Forms via fax. *See Ex. B.*

### ViaSource Violates the Purchase Agreement

16.    On August 9, 2007, Legacy contacted the Insurer to confirm the Change of Ownership Forms were received and processed.

17.    The Insurer notified Legacy that ViaSource had instructed the Insurer to disregard any Change of Ownership Forms submitted after July 31, 2007.

18.    ViaSource never informed Legacy that the Insurer had been instructed to disregard the Change of Ownership Forms submitted after July 31, 2007.

19.    Moreover, ViaSource never provided notice to Legacy pursuant to the Purchase Agreement to rescind either during or following the rescission period. *See Ex. A* at Pg. 4.

### COUNT I

### (Breach of Contract)

20.    Legacy hereby incorporates the allegations set forth in the paragraphs listed above.

21.    ViaSource entered into a valid and binding contract with Legacy, which is reflected in the Purchase Agreement.

3

22.     By the terms of the Purchase Agreement and for adequate consideration, ViaSource agreed to sell the Policy to Legacy.

23.     ViaSource breached the Purchase Agreement by willfully instructing the Insurer to obstruct performance of the Purchase Agreement.

24.     As a consequence of the foregoing, Legacy has been damaged in the amount of $151,838.

25.     Legacy is entitled to receive damages as a result of ViaSource's breach of contract.

## COUNT II

### (Punitive Damages)

26.     Legacy hereby incorporates the allegations set forth in the paragraphs listed above.

27.     ViaSource acted maliciously in instructing the Insurer to disregard any Change of Ownership Forms submitted after July 31, 2007, because such instruction was given in willful, wanton, and reckless disregard of Legacy's contractual rights.

28.     Legacy is therefore entitled to punitive damages.

4

WHEREFORE, Legacy respectfully requests that this Court enter an order:

a.    Awarding Legacy damages for breach of contract in an amount no less than $151,838.00;

b.    Awarding Legacy punitive and exemplary damages;

c.    Awarding Legacy its reasonable attorneys' fees and costs and disbursements of the action; and

d.    For such other damages and relief as this Court may deem just and appropriate.

Dated:    New York, New York
          September 21, 2007

                                        Lord, Bissell & Brook LLP

                                        By: _____
                                            Gregory T. Casamento
                                            Sarah M. Chen
                                            Attorneys For Plaintiff
                                            Legacy Benefits Corporation
                                            885 Third Ave.
                                            New York, NY  10022
                                            212.947.4700
                                            Fax 212-812-8385

TO:    ViaSource Funding Group, LLC
       106 Allen Road
       Bernard Township, NJ  07920

5

Exhibit A

## PURCHASE AGREEMENT AND IRREVOCABLE
## ABSOLUTE ASSIGNMENT OF LIFE INSURANCE POLICY
## ("PURCHASE AGREEMENT")

ViaSource Funding Group, LLC, domiciled at 106 Allen Road, Bernard Township, NJ 07920 ("SELLING POLICY OWNER") and Melanie Weller ("INSURED") residing at 1034 Liberty Park Drive, Apt. 120, Austin, TX 78746, the owner and insured, respectively, of life insurance policy number 92551064 ("POLICY") issued by TransAmerica Occidental Life Insurance Company ("INSURANCE COMPANY"), and having a total face value of $ 4,312,500.00 (Four Million Three Hundred Twelve Thousand Dollars and 00/100 cts) in consideration of $3,951,662.00 (Three Million Nine Hundred Fifty One Thousand Six Hundred Sixty Two Dollars and 00/100) ("PURCHASE PRICE") to be paid to the SELLING POLICY OWNER by Legacy Benefits Corporation ("LBC"), a New York corporation having offices at Empire State Building, 350 Fifth Avenue, Suite 4320, New York, NY 10118, hereby assigns, transfers, and delivers to LBC, its successors, and/or assigns all of the rights, title, interest, options, and privileges in, to, and under the POLICY as owner/assignee thereof, subject to the terms of this agreement.

Included in this sale, assignment, transfer, and delivery shall be all monies due and to become due or payable under the POLICY and all dividends, options, benefits, and advantages derived from the POLICY, including, but not limited to, the right to surrender the POLICY at any time and to receive the surrender value thereof; the right upon the death of the insured, to collect the death benefit payable under the POLICY; and all other rights and benefits afforded to the owner, insured and/or beneficiary(ies) of and under the POLICY.

SELLING POLICY OWNER warrants the validity and sufficiency of this absolute and unconditional sale and assignment to LBC, its successors and/or assigns, of all of SELLING POLICY OWNER'S rights, title, to and/or interest in, and to the POLICY. SELLING POLICY OWNER further warrants that no tax or creditor's lien has been filed against SELLING POLICY OWNER, no judgment has been filed against SELLING POLICY OWNER or any of SELLING POLICY OWNER'S property, and no assignment has been made by SELLING POLICY OWNER for the benefit of creditors or any other persons.

SELLING POLICY OWNER hereby acknowledges and agrees that (a) SELLING POLICY OWNER is represented in this transaction by SELLING POLICY OWNER's independent life settlement broker ("BROKER") which BROKER acts as SELLING POLICY OWNER's agent in negotiations of the PURCHASE PRICE and in providing information and documentation to LBC on behalf of SELLING POLICY OWNER; (b) in addition to the PURCHASE PRICE, LBC will pay a commission to BROKER as compensation for this transaction; (c) regardless of BROKER'S receipt of commissions

03-PA-Weller, M-92551064                    Page 1 of 7

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.695.5000
212.643.1350
212.643.1380 FAX
WWW.LEGACYBENEFITS.COM

or other compensation from LBC, BROKER represents the interests of SELLING POLICY OWNER only and does not represent the interests of INSURANCE COMPANY or LBC in the sale of the POLICY; (d) BROKER is not an agent of LBC; and (e) LBC does not represent SELLING POLICY OWNER in the sale of the POLICY.

SELLING POLICY OWNER further represents and warrants to LBC that: (a) this PURCHASE AGREEMENT is the legal, valid and binding obligation of the SELLING POLICY OWNER enforceable in accordance with its respective terms, (b) SELLING POLICY OWNER is the sole and undisputed owner of the POLICY, (c) the face amount of, and net death benefit payable under, the POLICY is correctly set forth herein, (d) the benefits under the POLICY are incontestable, as set forth in any contestability provisions of the POLICY and to the best of SELLING POLICY OWNER's knowledge there are no facts or circumstances in existence as of the date hereof which could serve as a defense to payment in full of the death benefits payable by the INSURANCE COMPANY to the named beneficiaries upon the death of the INSURED, (e) there are no liens on the POLICY, (f) (I)SELLING POLICY OWNER has not filed for bankruptcy and the POLICY has not been subject to any bankruptcy proceedings since both the date of the POLICY was issued and the effective date of any additions or changes in coverage provided by the POLICY or (2) if SELLING POLICY OWNER has filed for bankruptcy, the POLICY was not subject to the claims of creditors and SELLING POLICY OWNER has provided LBC with a true, complete and correct copy of the bankruptcy discharge document and any bankruptcy documents related to the POLICY, (g) the POLICY is not the subject of any law, divorce decree or other legal impediment which requires that the POLICY be maintained for the benefit of any person or entity or which prohibits or restricts SELLING POLICY OWNER from executing this PURCHASE AGREEMENT and/or from transferring the full ownership of the POLICY and changing the beneficiary designation thereof, (h) there are no restrictions on the transfer of the POLICY, (i) there are no unpaid premiums on the POLICY, (j) the POLICY is in full force and effect and has not lapsed, and, the original owner of the POLICY at issuance had an insurable interest in the INSURED at the time the POLICY was originally issued, and (k) all of the information contained in each of the documents delivered by or on behalf of SELLING POLICY OWNER to LBC in connection with this PURCHASE AGREEMENT is true, complete and correct and none of such information or representation and warranty omits to state a material fact necessary to make such information, representation and/or warranty not misleading in light of the circumstances under which such statement(s) were made.

In the event that a premium payment on the POLICY becomes due following the date on which settlement funds are deposited to ESCROW AGENT's escrow account but prior to the date on which INSURANCE COMPANY has recorded that the POLICY's ownership has been transferred to LBC or the ESCROW AGENT, SELLING POLICY OWNER shall make the minimum required premium payment to INSURANCE COMPANY to maintain the POLICY in force.

01-PA-Weller, M-92551064                          Page 2 of 7

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.875.1900
212.643.1190
212.643.1180 FAX
WWW.LIFE-SETTLEMENTS.COM

SELLING POLICY OWNER hereby acknowledges and understands that this AGREEMENT is based upon SELLING POLICY OWNER's application to LBC and that the statements and answers therein contained, continue to be true to the best of the SELLING POLICY OWNER's knowledge and belief, and shall continue to be true of the time of closing. Any change in SELLING POLICY OWNER's application shall be made in writing and signed by SELLING POLICY OWNER and LBC.

SELLING POLICY OWNER hereby acknowledges and agrees that LBC shall be permitted to disclose the identity and/or medical and financial information of SELLING POLICY OWNER to a third person if such disclosure is necessary to effect this PURCHASE AGREEMENT or necessary to permit LBC's financing entity, related trust or special purpose entity to finance the purchase of the POLICY by LBC.

Notwithstanding the foregoing, SELLING POLICY OWNER hereby acknowledges and agrees that LBC, at its own will and discretion, may transfer, sell, assign, or otherwise dispose of the POLICY and all its related legal, insurance, and medical documents to another purchaser(s) or financial institution at any time. SELLING POLICY OWNER and INSURED hereby acknowledge and agree that following the transfer of the POLICY by LBC, a subsequent owner of the POLICY shall have the right to directly request and obtain updated medical records regarding the INSURED from INSURED's medical practitioners for purpose of updating the INSURED's mortality evaluation or selling the POLICY to potential third parties. SELLING POLICY OWNER further acknowledges and agrees that any consents and authorizations relating to the release of personal data and medical information specifically contemplate the potential resale of the POLICY and the redisclosure of such information to potential purchasers of the POLICY.

There are no fees to be paid by SELLING POLICY OWNER to LBC in order to sell the POLICY.

It is agreed that an escrow agreement ("ESCROW AGREEMENT") shall be signed by LBC, SELLING POLICY OWNER, Wells Fargo Northwest, National Association, as escrow agent ("ESCROW AGENT"). The ESCROW AGREEMENT provides for the transfer of settlement proceeds due to SELLING POLICY OWNER within three (3) business days of receipt by LBC of written confirmation from INSURANCE COMPANY that the POLICY's ownership and/or assignment has been transferred to LBC.

It is agreed that LBC, as per the ESCROW AGREEMENT, shall arrange for the settlement funds to be deposited to ESCROW AGENT's escrow account within three (3) business days of receipt by LBC or ESCROW AGENT of SELLING POLICY OWNER'S signed documents necessary to effect the transfer of the POLICY to LBC, its assigns or to the ESCROW AGENT.

SELLING POLICY OWNER has the right to rescind this PURCHASE AGREEMENT

03-PA-Weller, M-9255 1064                    Page 3 of 7                THE EMPIRE STATE BUILDING
                                                                       350 FIFTH AVENUE
                                                                       SUITE 4320
                                                                       NEW YORK, NY 10118
                                                                       800.275.1000
                                                                       212.643.1390
                                                                       212.643.1380 FAX
                                                                       WWW.LEGACYBENEFITS.COM

before the earlier of thirty calendar days after the date when this PURCHASE AGREEMENT is executed by all parties or fifteen calendar days after the receipt of the settlement proceeds by the SELLING POLICY OWNER, provided that, within the rescission period SELLING POLICY OWNER advises LBC of SELLING POLICY OWNER'S desire to rescind and refunds LBC the settlement proceeds and any premiums, loans and loan interest. LBC's rights and interest in the POLICY will terminate upon LBC's timely receipt of such payment.

Should INSURED die prior to the end of the rescission period, it shall be deemed that SELLING POLICY OWNER has rescinded this PURCHASE AGREEMENT if repayment of all settlement proceeds and, if applicable, any premiums, loans and loan interest to LBC is made within forty-five days after the end of the rescission period.

SELLING POLICY OWNER hereby acknowledges that SELLING POLICY OWNER has been given the opportunity to review this PURCHASE AGREEMENT with independent counsel of SELLING POLICY OWNER'S choosing and is entering into this PURCHASE AGREEMENT freely and voluntarily, without constraint and without anyone exerting any influence of any kind over SELLING POLICY OWNER.

SELLING POLICY OWNER hereby acknowledges that SELLING POLICY OWNER consents to this PURCHASE AGREEMENT, has a full and complete understanding of this PURCHASE AGREEMENT and the benefits of the POLICY, has released INSURED's medical records to LBC, and has consulted with any such persons as SELLING POLICY OWNER shall have deemed appropriate prior to entering into this PURCHASE AGREEMENT.

This PURCHASE AGREEMENT, together with SELLING POLICY OWNER's APPLICATION and ESCROW AGREEMENT, constitute the entire contract between LBC and OWNER.

This PURCHASE AGREEMENT shall be construed and enforced in accordance with the laws of the State of New York excluding any conflict-of-laws rule or principle that might refer the governance or the construction of this agreement to the law of another jurisdiction, and any litigation related to this PURCHASE AGREEMENT shall be brought in the State of New York.

ANY PERSON WHO KNOWINGLY PRESENTS FALSE INFORMATION IN AN APPLICATION FOR INSURANCE OR VIATICAL SETTLEMENT CONTRACT IS GUILTY OF A CRIME AND MAY BE SUBJECT TO FINES OR CONFINEMENT IN PRISON.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4500
NEW YORK, NY 10118
800.325.1000
212.643.1350
212.643.1180 FAX
www.lifeequitybenefits.com

IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____11_____ day of _____June_____, 200_7_.

SELLING POLICY OWNER: _____

STATE OF _____New Jersey_____ )
                                                     ) SS:
COUNTY OF _____Somerset_____ )

On this _11_ day of _June_, 200_7_, before me came _____
_Christopher T. Daly - CFO/VP_ to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____Sonia L. Ayers_____

My Commission Expires _4/21/2010_

**SONIA LYNN AYERS**
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 4/21/2010


IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____11_____ day of _____June_____, 200_7_.

SELLING POLICY OWNER: _____

STATE OF _____New Jersey_____ )
                                                     ) SS:
COUNTY OF _____Somerset_____ )

On this _11_ day of _June_, 200_7_, before me came _____
_Marc E. Feaster - CEO/Pres._ to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____Sonia L. Ayers_____

My Commission Expires _4/21/2010_

**SONIA LYNN AYERS**
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 4/21/2010

03-PA-Waller, M-92551064                                   Page 5 of 7

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 6320
NEW YORK, NY 10118
800.815.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

Index No. 603172/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LEGACY BENEFITS CORPORATION,

Plaintiff,

against,

VIASOURCE FUNDING GROUP, LLC,

Defendant.

SUMMONS AND VERIFIED COMPLAINT

Lord, Bissell & Brook LLP
885 Third Avenue, 26th Floor
New York, NY 10022
212-947-4700

Attorneys for:

LEGACY BENEFITS CORPORATION
Plaintiff

GREGORY T. CASAMENTO
SARAH M. CHEN
LORD, BISSELL & BROOK LLP
Attorneys For Plaintiff
Legacy Benefits Corporation
885 Third Ave.
New York, NY 10022
212.947.4700
Fax 212-812-8385

NEW YORK
COUNTY CLERK'S OFFICE

OCT - 2 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------- x

LEGACY BENEFITS CORPORATION        :     Index No. 603172/07

                    Plaintiff,     :

        - against -                :     **SUPPLEMENTAL**
                                         **VERIFICATION TO**
VIASOURCE FUNDING GROUP, LLC,      :     **COMPLAINT**

                    Defendant.     :
-------------------------------------- x

<u>VERIFICATION</u>

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK  )

    ANAT ELIAV- PEIREZ, being duly sworn deposes and says:

    I am the General Counsel for Legacy Benefits Corporation, the Plaintiff in the above entitled action. I have read the foregoing complaint and know the contents thereof. The same is true to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
ANAT ELIAV-PEIREZ


STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK  )

    SUBSCRIBED AND SWORN to before me, a Notary Public in and for said County and State, this 25th day of Sept. 2007

_____
Notary Public


SUSAN SHAPIRO
Notary Public, State of New York
No. 01SH6018081
Qualified in Kings County
Commission Expires Sept. 8, 2010

Index No. 603172/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LEGACY BENEFITS CORPORATION,

                                          Plaintiff,

                          against

VIASOURCE FUNDING GROUP, LLC,

                                          Defendant.

SUPPLEMENTAL VERIFICATION TO COMPLAINT

Todd, Bie, et & Brock LLP
885 Third Avenue, 26th Floor
New York, NY 10022
(212) 947-1700

# EXHIBIT G

FILED
MONMOUTH COUNTY

SEP 1 3 2007

OFFICE OF THE SUPERIOR COURT CLERK
CIVIL DIVISION

LOMURO, DAVISON, EASTMAN & MUÑOZ, P.A.
Monmouth Executive Center
100 Willowbrook Rd., Bldg. 1
Freehold, New Jersey 07728
(732) 462-7170
Attorneys for Defendant

| | |
|---|---|
| VIASOURCE FUNDING GROUP, L.L.C., a New Jersey Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>LEGACY BENEFITS CORPORATION,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br>DOCKET NO. mon-L- 4381- 07<br><br>Civil Action<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND** |

Plaintiff, ViaSource Funding Group, L.L.C., having a principal office at 457-R Sycamore

Avenue in the Borough of Shrewsbury, Monmouth County, New Jersey, by way of complaint

against the defendant, says:

<u>COUNT ONE</u>

1.    Plaintiff is a limited liability company organized under the laws of the State of

New Jersey which is engaged in the viatical funding business.  As such, the company purchases,

holds, and sells ownership interests in various life insurance policies that have been issued in the

name of an owner who for a sum certain transfers the right to receive the benefits under the

policy upon the owner's death.

2.    Defendant is a New York limited liability company and is engaged in the same

business as the plaintiff.

3.    On or about June 11, 2007, the plaintiff executed an agreement/assignment whereby it attempted to assign and sell to the defendant the rights to the life insurance proceeds under a certain policy issued by TransAmerica Occidental Life Insurance Company bearing Policy No. 92551064 insuring the life of one, M.W.  The defendant never completed execution of the necessary documents, nor did it provide to the plaintiff signed documents indicating that defendant in fact agreed to the terms of the agreement, even though the documents were on forms provided to the plaintiff by the defendant.

4.    Under the terms of the proposed agreement, the defendant needed to fund the assignment price, i.e., $3,951,662.00, with an escrow agent within three (3) days after its execution of the contract.   In fact, to the knowledge of the plaintiff, the defendant never funded the project, let alone execute the documents, and attempted to treat the matter as an option.

5.    After a certain period of time, plaintiff realized that the defendant was not adhering to the terms of the agreement which plaintiff had signed and executed on June 11, 2007, and plaintiff notified the defendant that it was rescinding the agreement.

6.    Defendant, both individually and through counsel, has claimed that the agreement is in force and effect and is threatening legal action.

7.    By this count the plaintiff seeks a declaratory judgment that the agreement was never effective and, if it came into existence, was immediately breached by the defendant through its failure to fund the project within three (3) days.

WHEREFORE, Plaintiff seeks a declaratory judgment that it has no obligations under the contract it executed on June 11, 2007 to the defendant.

## COUNT TWO

1.     Plaintiff repeats the allegations contained in Count One and incorporates same herein by reference.

2.     While not conceding that any contract ever came into existence, it is contended that by virtue of the relational interests in sharing in the same viatical funding business, the defendant owed the plaintiff a duty of good faith and fair dealing in the manner in which it acted in connection with this particular attempted assignment and purchase.

3.     The defendant, through its actions subsequent to June 11, 2007, followed a pattern and practice which breached the duty of good faith and fair dealing which, under the unusual circumstances present here, gives rise to a claim for damages in favor of the plaintiff and against the defendant.

WHEREFORE, Plaintiff seeks the entry of judgment against the defendant for damages plus costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury as to all issues.

LOMURRO, DAVISON,
EASTMAN & MUÑOZ, P.A.
Attorneys for Plaintiff

Dated: 9/13/07

By: _____ FOR
MICHAEL D. SCHOTTLAND

## TRIAL ATTORNEY DESIGNATION

Please take notice that Michael D. Schottland, Esq. is hereby designated trial counsel for the plaintiff in the within captioned matter pursuant to Rule 4:25-4.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that pursuant to R. 4:5-1, to my knowledge and based on the information available to me at this time, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no additional parties are known at this time who should be added.

Dated: 9/13/07

MICHAEL D. SCHOTTLAND

# EXHIBIT H

12/03/07  16:11   DUGHI & HEWIT → 732 462 8955                          NO.081  P004/006

GREGORY T. CASAMENTO
SARAH M. CHEN
LOCKE LORD BISSELL & LIDDELL LLP
Attorneys For Plaintiff
Legacy Benefits Corporation
885 Third Ave.
New York, NY 10022
212-947-4700
Fax 212-812-8385

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------x
LEGACY BENEFITS CORPORATION          :    Index No. 603172/07
                                     :
                Plaintiff,           :
                                     :
        - against -                  :
                                     :
VIASOURCE FUNDING GROUP, LLC,        :    STIPULATION OF
                                     :    DISCONTINUANCE
                Defendant.           :
------------------------------------x

WHEREAS, no party to this action is an infant or an incompetent person for whom a Committee has been appointed; and

WHEREAS, the named Defendant ViaSource Funding Group, LLC, has not served a responsive pleading to this complaint; and

WHEREAS, the Plaintiff in the action has executed this Stipulation and served it upon the Defendant;

NOW THEREFORE, IT IS HEREBY STIPULATED BY THE UNDERSIGNED that the above action is hereby discontinued in accordance with C.P.L.R. § 3217 (a) (1), with prejudice as to Defendant, without costs and attorneys fee to any party.



RECEIVED

DEC 03 2007

NEW YORK
COUNTY CLERK'S OFFICE

12/03/07  16:11    DUGHI & HEWIT → 732 462 8955                                    NO.081  P005/006

Dated: New York, New York
       December 3, 2007

                                        Locke Lord Bissell & Liddell LLP

                                        By: _____
                                            Gregory T. Casamento
                                            Sarah M. Chen
                                            *Attorneys For Plaintiff*
                                            Legacy Benefits Corporation
                                            885 Third Ave.
                                            New York, NY  10022
                                            212-947-4700
                                            Fax 212-812-8385

TO:    John W. Dunne
       Kelleher & Dunne LLP
       17 Battery Place
       11th Floor
       New York, New York  10004
       (212) 825-1700
       Fax: (212) 825-1108
       *Attorneys for Defendant*

Index No. *603172/07*

---

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

LEGACY BENEFIT CORPORATION,

                                        **Plaintiff,**

                              -against-

VIASOURCE FUNDING GROUP, LLC,

                                        **Defendant.**

---

**STIPULATION OF DISCONTINUANCE**

---

**Locke Lord Bissell & Liddell LLP**
**885 Third Avenue, 26th Floor**
**New York, NY  10022**
**212.947.4700**

---

*Attorneys For: Plaintiff*

# EXHIBIT I

DUGHI & HEWIT
340 North Avenue
Cranford, New Jersey 07016
(908) 272-0200
-and-
LOCKE LORD BISSELL & LIDDELL, LLP
885 Third Avenue, 26th Floor
New York, New York 10022-4802
(212) 947-4700
Attorneys for Defendant,
Legacy Benefits Corp..



-------------------------------------------------------SUPERIOR COURT OF NEW JERSEY
                                                       LAW DIVISION: MONMOUTH COUNTY
VIA SOURCE FUNDING GROUP, LLC     DOCKET NO. MON-L-4381-07

         Plaintiff,                   :          Civil Action
                                      :
     vs.                              :
                                      :
                                      :
LEGACY BENEFITS CORP.,                :          **STIPULATION OF DISMISSAL**
                                      :          **WITH PREJUDICE**
                                      :
         Defendant.                   :
                                      :
-------------------------------------------------

        The matter in difference in the above entitled action having been amicably

adjusted by and between the parties, it is hereby stipulated and agreed that the same be and it is

hereby dismissed <u>with</u> <u>prejudice</u> and without costs against either party.


LOMURRO, DAVISON, EASTMAN          DUGHI & HEWIT, P.C.
  & MUNOZ                          Attorneys for Defendant
Attorneys for Plaintiff           LEGACY BENEFITS CORP.
VIA SOURCE FUNDING GROUP, LLC

By: _____       By: _____
                                  Daniel R. Lindemann, Esq.

January 29, 2008                  January 26, 2008

G:\11894\11894-PLD-DRL-STIP DM WPREJJI-01-26-2008.doc