UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                              :
GREENWICH LIFE SETTLEMENTS, INC. and          :    No. 08 Civ. 3062 (PKL)
GREENWICH SETTLEMENTS MASTER TRUST            :
                                                              :
                    Plaintiffs,                               :
                                                              :
          - against -                                         :
                                                              :
VIASOURCE FUNDING GROUP, LLC,                  :
                                                              :
                    Defendant.                                :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## REPLY OF GREENWICH LIFE SETTLEMENTS, INC.
## AND GREENWICH SETTLEMENTS MASTER TRUST TO
## DEFENDANT VIASOURCE FUNDING GROUP, LLC'S COUNTERCLAIMS

Plaintiffs Greenwich Life Settlements, Inc. ("Greenwich Life") and Greenwich

Settlements Master Trust ("Greenwich Trust") (collectively referred to at times as,

"Greenwich"), through their counsel, for their Reply to Defendant ViaSource Funding Group,

LLC's ("Defendant") "Verified Answer and Counterclaim to Corrected Amended Complaint"

(the "Counterclaim"), respectfully allege as follows:

1.      Paragraphs 1 through 83 of Defendant's Counterclaim contain Defendant's

answer to Greenwich's Corrected Amended Complaint, and therefore, Greenwich need not reply

thereto.

2.      Deny the allegations contained in Paragraph 84 of the Counterclaim.

3.      Admit the allegations contained in Paragraph 85 of the Counterclaim, except deny

knowledge or information with respect to what business Defendant is authorized to conduct.

4.      Admit the allegations contained in Paragraph 86 of the Counterclaim that Plaintiffs allege they have a business relationship with Legacy and state that the claim in this action arises from breaches and other wrongful conduct of Defendant.

5.      Deny the allegations contained in Paragraph 87 of the Counterclaim, except admit that on or about June 11, 2007, ViaSource executed a Purchase Agreement and Irrevocable Absolute Assignment of Life Insurance Policy whereby it sold and assigned to Legacy the rights to the life insurance proceeds under a certain policy issued by TransAmerica Occidental Life Insurance Company, bearing Policy number 92551064.

6.      Deny the allegations contained in Paragraph 88 of the Counterclaim.

7.      Deny the allegations contained in Paragraph 89 of the Counterclaim.

8.      Deny the allegations contained in Paragraph 90 of the Counterclaim.

9.      Deny the allegations contained in Paragraph 91 of the Counterclaim.

10.     Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 92 of the Counterclaim.

11.     Deny the allegations contained in Paragraph 93 of the Counterclaim as they pertain to Greenwich, but deny knowledge or information sufficient to respond to the allegations contained in Paragraph 93 of the Counterclaim as they pertain to Legacy.

12.     Deny the allegations contained in Paragraph 94 of the Counterclaim.

13.     Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 95 of the Counterclaim

14.     Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 96 of the Counterclaim.

15.    Deny knowledge or information sufficient to respond to the allegations contained in the first, second and third sentences of Paragraph 97 of the Counterclaim.    Deny the allegations contained in the fourth sentence of Paragraph 97 of the Counterclaim.

16.    Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 98 of the Counterclaim.

17.    Deny the allegations contained in Paragraph 99 of the Counterclaim, but admit that counsel for Defendant provided certain documents to counsel for Plaintiffs after the commencement of this action and state that the documents provided by Defendant in fact support Plaintiffs' claims in this action.

18.    Deny the allegations contained in Paragraph 100 of the Counterclaim.

19.    Deny the allegations contained in Paragraph 101 of the Counterclaim.

20.    In response to Paragraph 102 of the Counterclaim, Greenwich repeats and re-alleges each and every statement set forth in Paragraphs 1 through 19 hereof as if fully set forth at length herein.

21.    Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 103 of the Counterclaim.

22.    Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 104 of the Counterclaim.

23.    Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 105 of the Counterclaim.

24.    Deny knowledge or information sufficient to respond to the allegations contained in Paragraph 106 of the Counterclaim.

25.    Admit the allegations contained in Paragraph 107 of the Counterclaim.

26.    Deny the allegations contained in Paragraph 108 of the Counterclaim.

27.    Deny the allegations contained in Paragraph 109 of the Counterclaim.

## GREENWICH'S AFFIRMATIVE DEFENSES

Without assuming any burden of proof or persuasion that properly lies with Defendant, Greenwich asserts the following affirmative defenses to the Counterclaims:

### As And For A First Affirmative Defense

1.    The Counterclaims fail to state a claim against Greenwich for which relief may be granted.

### As And For A Second Affirmative Defense

2.    The Counterclaims fail for all of the reasons set forth in Greenwich's Corrected Amended Complaint against Defendant.

### As And For A Third Affirmative Defense

3.    The Counterclaims, to the extent they purport to set forth a claim for fraud, fail to state such claims with the requisite specificity and particularity.

## PRAYER FOR RELIEF

WHEREFORE, Greenwich Life Settlements, Inc. and Greenwich Settlements Master Trust respectfully request that this Court enter judgment in their favor on all claims for relief sought by them against ViaSource Funding Group, LLC in Greenwich's Corrected Amended Complaint, and against ViaSource Funding Group, LLC on all claims asserted in ViaSource Funding Group, LLC's Counterclaims, and grant Greenwich such other and further relief as may be just and proper.

Dated: New York, New York
       August 6, 2008

                                         OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.

                                         By: /s/ Richard G. Haddad
                                               Richard G. Haddad (RH - 6438)
                                             A Member of the Firm

                                         230 Park Avenue
                                       New York, New York 10169
                                       Tel:  (212) 661-9100
                                       Fax:  (212) 682-6104
                                       Email: rhaddad@oshr.com

                                       *Attorneys for Plaintiffs*
                                       *Greenwich Life Settlements, Inc. and*
                                       *Greenwich Settlements Master Trust*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on John W. Dunne, Esq., counsel for Defendant, c/o Kelleher & Dunne LLP, 17 Battery Place, 11th Floor, New York, New York 10004, (jwdunne@kdlawllp.com) as well as c/o Lynn, Gartner & Dunne, LLP, 330 Old Country Rd., Ste. 103, Mineola, NY 11501, (jwdunne@lynngartnerlaw.com), via this Court's Electronic Filing System, as well as via U.S. Mail; and upon Michael Schottland, Esq., co-counsel for Defendant, c/o Lomurro, Davison, Eastman & Munoz PA, Monmouth Executive Center, 100 Willowbrook Road Building 1, Freehold, New Jersey 07728-2879 via U.S. Mail, on this 6th day of August, 2008.

/s/ Richard G. Haddad
Richard G. Haddad

1074309