Law Offices
of
# LYNN, GARTNER & DUNNE, LLP

330 Old Country Road, Suite 103
Mineola, New York  11501
_____

Telephone (516) 742-6200
Facsimile  (516) 742-5294

ROBERT P. LYNN, JR.
KENNETH L. GARTNER*
JOHN W. DUNNE**
_____

STEPHEN W. LIVINGSTON

  *  Also Admitted in D.C.
**  Also Admitted in CT

Email -  jwdunne@lynngartnerlaw.com

September 2, 2008


Hon. Peter K. Leisure
Senior District Court Judge
District Court, Southern District of New York
500 Pearl Street, Room 1910
New York, New York   10007

      Re:    Greenwich Life Settlements, Inc. et al. v. ViaSource Funding Group, LLC;
            08 CV 03062 (PKL)

Dear Judge Leisure:

      This office, together with Michael Schottland, represent the defendant in the above action.  I write in response to Mr. Haddad's letter of August 28, 2008.  Mr. Haddad alleges a portion of ViaSource's motion is improper, a failure to respond to discovery, and raises a question regarding motion scheduling.

      The last issue is easily resolved.  ViaSource's motion mistakenly identified August 29 as the opposition due date.  I have reviewed my notes and Mr. Haddad is correct that plaintiffs' opposition is due on September 18th.

      Regarding outstanding discovery, ViaSource is assembling and will provide responsive documents.  It has, today, provided the Rule 26 disclosures and objections and responses to the document demand.  There has been some delay, as plaintiffs' requests are extremely broad and non-specific.  Rather than itemize specific documents, they have requested, *inter alia*, "any and all documents concerning or supporting your defenses asserted in any answer, reply or motion filed by you in response to the complaint", and "any and all documents concerning the Plaintiffs".  The second demand is so broad and non-specific as to potentially cover matters unrelated to this litigation.

Hon. Peter K. Leisure
Senior District Court Judge
District Court
Southern District of New York
September 2, 2008
Page 2

      Plaintiffs also fail to acknowledge that defendant has produced documents on three prior occasions. Upon receiving the complaint, I communicated with counsel and voluntarily provided substantial documentation demonstrating the patent lack of merit to the claims. Additional documentation was then provided as part of defendant's responsive pleading. Finally, documents were also provided as exhibits to defendant's pending motion.

      Mr. Haddad argues defendant's motion is "improper" and is "in effect" a motion for summary judgment because ViaSource already filed its answer. However, ViaSource filed its answer prior to the pre-motion conference and Mr. Haddad did not raise this objection at that time. Had he done so, the matter could have been addressed with Your Honor. Therefore, I respectfully submit that any objection now is untimely and waived.

      Mr. Haddad also asserts the arguments raised reach beyond those permitted. However, all issues raised in the moving papers were addressed at the pre-motion conference. Mr. Schottland explained at length the relevant factual history, including the disposition of the two prior state court actions, the relevant contract provisions, and how the documents and the prior actions warrant dismissal or, alternatively, a change of venue. Mr. Haddad did not object to the issues raised and discussed, nor did he allege they effectively raised summary judgment issues.

      ViaSource's motion to dismiss mirrors the issues raised and facts alleged at the pre-motion conference – all discussed without objection by Mr. Haddad. There is no surprise and no prejudice to plaintiffs, and Mr. Haddad may address any objections or issues in his opposition to the motion. Accordingly, I respectfully request the Court deny Mr. Haddad's requests in their entirety.

      Respectfully submitted,

      /s/

      John W. Dunne

cc:    Michael Schottland
       Richard Haddad