UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GREENWICH LIFE SETTLEMENTS, INC. and GREENWICH SETTLEMENTS MASTER TRUST, | : | No. 08 Civ. 3062 (PKL) |
| Plaintiffs, | : | |
| - against - | : | |
| VIASOURCE FUNDING GROUP, LLC, | : | |
| Defendant. | : | |

## CERTIFICATION OF MICHAEL D. SCHOTTLAND, ESQ. IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND FOR ALTERNATIVE RELIEF

I, Michael D. Schottland, of full age, hereby certify and say:

1. I am an attorney at law of New Jersey, admitted *pro haec vice* in this Court on behalf of ViaSource Funding Group, LLC ("ViaSource") for this action, and am Of Counsel to the firm of Lomurro, Davison, Eastman & Muñoz, P.A.. My firm also represented ViaSource in a prior action in the Superior Court of New Jersey, Law Division, Monmouth County, styled <u>ViaSource Funding Group LLC v. Legacy Benefits</u>, Docket No. MON-L-4381-07 (the "New Jersey action"). I was principally responsible for the conduct of the New Jersey action. I am also personally familiar with the facts and circumstances surrounding an action styled <u>Legacy Benefits Corporation v. ViaSource Funding Group LLC</u>, Index No. 603172/07 (the "New York action"). I make this Certification in support of the Motion on behalf of ViaSource to dismiss the Complaint of plaintiffs, Greenwich Life Settlements, Inc. and Greenwich Settlements Master Trust ("Greenwich") and for alternative relief.

2. Throughout the New Jersey action and the New York action, Legacy Benefits and its attorneys stated repeatedly that Legacy Benefits was the sole party in interest with respect to the matters at issue therein. At no time did Legacy Benefits, or its attorneys, or anyone else, ever suggest that any third party was in any way involved. At no time did Legacy Benefits, or its attorneys, or anyone else, ever mention an "assignment" or a "third party beneficiary" or the name Greenwich.

3. By Stipulation of Discontinuance filed December 3, 2007, Legacy Benefits withdrew and dismissed, with prejudice, its claims concerning the Policy in question. A copy of this Stipulation of Discontinuance, provided by counsel for Legacy Benefits, is attached as Exhibit A.

4. By Stipulation of Dismissal with Prejudice filed January 29, 2008, ViaSource dismissed the New Jersey action, in light of Legacy Benefits' withdrawal of its claims concerning the Policy. A copy of the Stipulation is attached as Exhibit B.

1

5. ViaSource and Legacy Benefits also entered into a confidential settlement agreement, the terms of which cannot be revealed without further judicial action or the consent of Legacy Benefits.

6. On July 21, 2008, a Complaint on behalf of ViaSource was filed in the Superior Court of New Jersey, Law Division, Monmouth County, against Legacy Benefits. A copy is attached as Exhibit C.

I certify that each of the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

MICHAEL D. SCHOTTLAND

DATED: August 14, 2008

2

# EXHIBIT A

GREGORY T. CASAMENTO
SARAH M. CHEN
LOCKE LORD BISSELL & LIDDELL LLP
Attorneys For Plaintiff
Legacy Benefits Corporation
885 Third Ave.
New York, NY 10022
212-947-4700
Fax 212-812-8385

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
LEGACY BENEFITS CORPORATION          :          Index No. 603172/07
                                     :
              Plaintiff,             :
                                     :
        - against -                  :
                                     :
VIASOURCE FUNDING GROUP, LLC,        :          STIPULATION OF
                                     :          DISCONTINUANCE
              Defendant.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, no party to this action is an infant or an incompetent person for whom a

Committee has been appointed; and

        WHEREAS, the named Defendant ViaSource Funding Group, LLC, has not served a

responsive pleading to this complaint; and

        WHEREAS, the Plaintiff in the action has executed this Stipulation and served it upon

the Defendant;

        NOW THEREFORE, IT IS HEREBY STIPULATED BY THE UNDERSIGNED that the

above action is hereby discontinued in accordance with C.P.L.R. § 3217 (a) (1), with prejudice as

to Defendant, without costs and attorneys fee to any party.

RECEIVED

DEC 03 2007

NEW YORK
COUNTY CLERK'S OFFICE

Dated:  New York, New York
         December 3, 2007

Locke Lord Bissell & Liddell LLP

By: _____

Gregory T. Casamento
Sarah M. Chen
*Attorneys For Plaintiff*
Legacy Benefits Corporation
885 Third Ave.
New York, NY  10022
212-947-4700
Fax 212-812-8385

TO:    John W. Dunne
        Kelleher & Dunne LLP
        17 Battery Place
        11th Floor
        New York, New York  10004
        (212) 825-1700
        Fax: (212) 825-1108
        *Attorneys for Defendant*

Index No. 603172/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LEGACY BENEFIT CORPORATION,

Plaintiff,

-against-

VIASOURCE FUNDING GROUP, LLC,

Defendant.

STIPULATION OF DISCONTINUANCE

Locke Lord Bissell & Liddell LLP
885 Third Avenue, 26th Floor
New York, NY 10022
212.947.4700

Attorneys For: Plaintiff

# EXHIBIT B

DUGHI & HEWIT
340 North Avenue
Cranford, New Jersey 07016
(908) 272-0200
-and-
LOCKE LORD BISSELL & LIDDELL, LLP
885 Third Avenue, 26th Floor
New York, New York 10022-4802
(212) 947-4700
Attorneys for Defendant,
Legacy Benefits Corp..



FILED

JAN 29 2008

MONMOUTH VICINAGE
CIVIL DIVISION          066

------------------------------------------------------

|  |  |
|---|---|
| VIA SOURCE FUNDING GROUP, LLC | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br>DOCKET NO. MON-L-4381-07 |
| Plaintiff, | Civil Action |
| vs. |  |
| LEGACY BENEFITS CORP., | **STIPULATION OF DISMISSAL**<br>**WITH PREJUDICE** |
| Defendant. |  |

------------------------------------------------------

The matter in difference in the above entitled action having been amicably adjusted by and between the parties, it is hereby stipulated and agreed that the same be and it is hereby dismissed <u>with</u> <u>prejudice</u> and without costs against either party.

LOMURRO, DAVISON, EASTMAN
& MUNOZ
Attorneys for Plaintiff
VIA SOURCE FUNDING GROUP, LLC

By: _____

January 29, 2008

G:\1894\11894-PLD-DRL-STIP DM WPREJU-01-26-2008.doc

DUGHI & HEWIT, P.C.
Attorneys for Defendant
LEGACY BENEFITS CORP.

By: _____
Daniel R. Lindemann, Esq.

January 26, 2008

RECEIVED

JAN 29 2008

MONMOUTH VICINAGE
CIVIL DIVISION          040

# EXHIBIT C



LOMURRO, DAVISON, EASTMAN & MUÑOZ, P.A.
Monmouth Executive Center
100 Willowbrook Rd., Bldg. 1
Freehold, New Jersey 07728
(732) 462-7170
Attorneys for Plaintiff

| | | |
|---|---|---|
| VIASOURCE FUNDING GROUP, L.L.C., a New Jersey Limited Liability Company, | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH COUNTY DOCKET NO.   MON-L-4381-07 |
| Plaintiff, | : | *L-3417-08* |
| vs. | : | Civil Action |
| LEGACY BENEFITS CORPORATION, | : | **COMPLAINT AND JURY DEMAND** |
| Defendant. | : | |
| | : | |

  Plaintiff, ViaSource Funding Group, L.L.C., having a principal office at 457-R Sycamore Avenue in the Borough of Shrewsbury, Monmouth County, New Jersey, by way of complaint against the defendant, Legacy Benefits Corporation, says:

### FIRST COUNT

  1.  Plaintiff is a limited liability company organized under the laws of the State of New Jersey which is engaged in the viatical funding business.  As such, the company purchases, holds, and sells ownership interests in various life insurance policies that have been issued in the

name of an owner who for a sum certain transfers the right to receive the benefits under the policy upon the owner's death.

    2.     Defendant is a New York limited liability company and is engaged in the same business as the plaintiff.

    3.     On or about June 11, 2007, the plaintiff executed an agreement/assignment whereby it attempted to assign and sell to the defendant the rights to the life insurance proceeds under a certain policy issued by TransAmerica Occidental Life Insurance Company bearing Policy No. 92551064 insuring the life of one, M.W. The defendant never completed execution of the necessary documents, nor did it provide to the plaintiff signed documents indicating that defendant in fact agreed to the terms of the agreement, even though the documents were on forms provided to the plaintiff by the defendant.

    4.     Under the terms of the proposed agreement, the defendant needed to fund the assignment price, i.e., $3,951,662.00, with an escrow agent within three (3) days after its execution of the contract. In fact, to the knowledge of the plaintiff, the defendant never funded the project, let alone timely execute and return the documents, and attempted to treat the matter as an option.

    5.     After a reasonable period of time, plaintiff realized that the defendant was not adhering to the terms of the agreement which plaintiff had signed and executed on June 11, 2007, and plaintiff notified the defendant that plaintiff considered the matter as terminated.

    6.     Defendant, both individually and through counsel, has claimed that the agreement was in force and effect and threatened legal action, which threat was later implemented by the defendant.

7.    By this count the plaintiff seeks a declaratory judgment that the agreement was never effective and, if it came into existence, was immediately breached by the defendant through its failure to fund the project within three (3) days.

WHEREFORE, Plaintiff seeks a declaratory judgment that it has no obligations under the contract it executed on June 11, 2007 to the defendant.

## SECOND COUNT

1.    Plaintiff repeats the allegations contained in the First Count and incorporates same herein by reference.

2.    While not conceding that any contract ever came into existence, it is contended that by virtue of the relational interests in sharing in the same viatical funding business, the defendant owed the plaintiff a duty of good faith and fair dealing in the manner in which it acted in connection with this particular attempted assignment and purchase.

3.    The defendant, through its actions subsequent to June 11, 2007, followed a pattern and practice which breached the duty of good faith and fair dealing which, under the unusual circumstances present here, gives rise to a claim for damages in favor of the plaintiff and against the defendant.

WHEREFORE, Plaintiff seeks the entry of judgment against the defendant for compensatory damages, punitive damages, interest, attorneys fees, costs of suit, and such other and further relief as the Court deems just and proper.

## THIRD COUNT

1.    Plaintiff repeats the allegations contained in the First and Second Counts and incorporates same herein by reference.

3

2.    The defendant, both directly and through counsel, wrongfully and falsely claimed that the agreement was in full force and effect as between the defendant and the plaintiff. These claims included threats of legal action, which threats were later implemented.

3.    In furtherance of its wrongful activity, the defendant uttered, published, filed with this court, and otherwise used forged, false and fraudulent documents.

4.    By an action styled, <u>ViaSource Funding Group, LLC v. Legacy Benefits Corp.</u>, Superior Court of New Jersey, Law Division, Monmouth County, Docket No. MON-L-4381-07, filed September 13, 2007 (the "ViaSource Action"), the plaintiff sought declaratory and other relief against the defendant.

5.    By an action styled, <u>Legacy Benefits Corporation v. ViaSource Funding Group, LLC</u>, Supreme Court of New York, County of New York, Index No. 603172/07, filed on or about September 21, 2007 (the "Legacy Action"), the defendant sought damages and other relief as against the plaintiff.

6.    At all times prior to and during the pendency of the ViaSource Action and the Legacy Action, and continuing through the dismissal of those actions, the defendant represented to this Court and to the plaintiff that the defendant was the sole alleged owner, alleged contractee, alleged assignee and party in interest concerning the alleged transaction.

7.    The defendant knew and intended that the plaintiff would rely upon the truth of the defendant's representations.

8.    The plaintiff did, in fact, reasonably rely upon the defendant's representations, by entering into a settlement with the defendant, by dismissing the ViaSource Action, and otherwise.

9.    On or about January 25, 2008, the plaintiff and the defendant reached a settlement

4

between them. The terms of the settlement are confidential. By this Complaint, the plaintiffs seeks leave to provide the settlement agreement to this Court and interested parties, in addition to other relief.

10.    By Stipulation of Discontinuance dated December 3, 2007, the defendant discontinued the Legacy Action in its entirety and with prejudice, thereby extinguishing any and all claims to the life insurance policy in question under any alleged transaction involving the plaintiff and the defendant.

11.    By Stipulation of Dismissal filed January 29, 2008, and in response to and reliance upon the efficacy of the abandonment by the defendant of any and all claims to the policy, the plaintiff dismissed the ViaSource Action.

12.    At no time either during the proposed transaction between them, and through and including the settlement and mutual dismissals, did the defendant or any other persons or parties ever indicate that any third party was involved in or had any right, title or interest in or to the policy or the alleged agreement first executed on June 11, 2007 by plaintiff. On the contrary, the defendant represented and acted at all times as if it were the sole party in interest, and that the dismissal of the defendant's claims would leave the plaintiff as the sole and unquestioned owner of the policy.

13.    On or about February 29, 2008, an action styled, <u>Greenwich Life Settlements, Inc. and Greenwich Settlements Master Trust v. ViaSource Funding Group, LLC,</u> was commenced in the Supreme Court of New York, New York County, Index No. 600611/2008. This action was later removed to the United States District Court for the Southern District of New York, under Civil Action No. 08 Civ. 3062 (PKL) (the "Greenwich Action").

14.    The allegations of the Greenwich Action claim, in substance, that the plaintiffs therein

5

are the owners and assignees of the subject policy. The allegations of the Greenwich Action further claim, in substance, that the plaintiffs therein have existing rights as against ViaSource Funding Group LLC (the plaintiff herein).

15.    The defendant, Legacy Benefits Corporation, wilfully and maliciously concealed and failed to disclose the alleged involvement and alleged rights of Greenwich Life Settlements, Inc. and Greenwich Settlements Master Trust in the alleged transaction, thereby fraudulently inducing plaintiff ViaSource Funding Group, LLC to enter into the settlement agreement, dismiss the ViaSource Action, and consent to the dismissal of the Legacy Action.

17.    The plaintiff reasonably relied upon the representations and silence of the defendant, which representations and silence were material misrepresentations.

18.    As a direct and proximate result of the wrongful, malicious and fraudulent actions of defendant Legacy Benefits Corporation, plaintiff ViaSource Funding Group, LLC has sustained and may or will in future sustain damages, including attorneys fees, costs, damage to its reputation and credit standing, and otherwise.

WHEREFORE, Plaintiff seeks the entry of judgment against the defendant, for:

(a) An Order directing and permitting the settlement agreement to be revealed and filed this Court, and removing any and all confidentiality provisions thereof;

(b) An Order enforcing the settlement, including without limitation a declaration that neither the defendant nor any party claiming through the defendant have or had any right or interest in or to the policy, and;

(c) for compensatory damages, punitive damages, interest, attorneys fees, costs of suit, and such other and further relief as the Court deems just and proper.

6

## FOURTH COUNT

1.     Plaintiff repeats the allegations contained in the First, Second and Third Counts and incorporates same herein by reference.

2.     The defendant has wrongfully, intentionally and maliciously disparaged the good name and reputation of the plaintiff, to the damage of the plaintiff.

WHEREFORE, Plaintiff seeks the entry of judgment against the defendant for compensatory damages, punitive damages, interest, attorneys fees, costs of suit, and such other and further relief as the Court deems just and proper.

## FIFTH COUNT

1.     Plaintiff repeats the allegations contained in the First, Second, Third and Fourth Counts and incorporates same herein by reference.

2.     As a direct and proximate result of the negligence of the defendant, the plaintiff has sustained, and may or will in future sustain, damages.

WHEREFORE, Plaintiff seeks the entry of judgment against the defendant for compensatory damages, interest, attorneys fees, costs of suit, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff  hereby demands  a trial by a jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

MICHAEL D. SCHOTTLAND, ESQ. is hereby designated as trial counsel for the plaintiff, pursuant to R. 4:25-4 and R. 4:5-1(c).

## NOTICE OF OTHER ACTIONS

Pursuant to R. 4:5-1, the undersigned certifies that:

The matters in controversy between the parties herein are not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no such other action or proceeding is presently contemplated on behalf of the plaintiff, except as follows. There were prior actions (the ViaSource Action and the Legacy Action) as more fully set forth in the body of the Complaint, but those actions have been dismissed. The Greenwich Action, as more fully set forth in the body of the Complaint, is pending, but the defendant herein is not a party to that action.

LOMURRO, DAVISON,
EASTMAN & MUÑOZ, P.A.
Attorneys for Plaintiff

Dated: _7-18-08_

By: _____
MICHAEL D. SCHOTTLAND

8

# EXHIBIT A

# PURCHASE AGREEMENT AND IRREVOCABLE
# ABSOLUTE ASSIGNMENT OF LIFE INSURANCE POLICY
## ("PURCHASE AGREEMENT")

ViaSource Funding Group, LLC, domiciled at 106 Allen Road, Bernard Township, NJ 07920 ("SELLING POLICY OWNER") and Melanie Weller ("INSURED") residing at 1034 Liberty Park Drive, Apt. 120, Austin, TX 78746, the owner and insured, respectively, of life insurance policy number 92551064 ("POLICY") issued by TransAmerica Occidental Life Insurance Company ("INSURANCE COMPANY"), and having a total face value of $ 4,312,500.00 (Four Million Three Hundred Twelve Thousand Dollars and 00/100 cts) in consideration of $3,951,662.00 (Three Million Nine Hundred Fifty One Thousand Six Hundred Sixty Two Dollars and 00/100) ("PURCHASE PRICE") to be paid to the SELLING POLICY OWNER by Legacy Benefits Corporation ("LBC"), a New York corporation having offices at Empire State Building, 350 Fifth Avenue, Suite 4320, New York, NY 10118, hereby assigns, transfers, and delivers to LBC, its successors, and/or assigns all of the rights, title, interest, options, and privileges in, to, and under the POLICY as owner/assignee thereof, subject to the terms of this agreement.

Included in this sale, assignment, transfer, and delivery shall be all monies due and to become due or payable under the POLICY and all dividends, options, benefits, and advantages derived from the POLICY, including, but not limited to, the right to surrender the POLICY at any time and to receive the surrender value thereof; the right upon the death of the insured, to collect the death benefit payable under the POLICY; and all other rights and benefits afforded to the owner, insured and/or beneficiary(ies) of and under the POLICY.

SELLING POLICY OWNER warrants the validity and sufficiency of this absolute and unconditional sale and assignment to LBC, its successors and/or assigns, of all of SELLING POLICY OWNER'S rights, title, to and/or interest in, and to the POLICY. SELLING POLICY OWNER further warrants that no tax or creditor's lien has been filed against SELLING POLICY OWNER, no judgment has been filed against SELLING POLICY OWNER or any of SELLING POLICY OWNER'S property, and no assignment has been made by SELLING POLICY OWNER for the benefit of creditors or any other persons.

SELLING POLICY OWNER hereby acknowledges and agrees that (a) SELLING POLICY OWNER is represented in this transaction by SELLING POLICY OWNER's independent life settlement broker ("BROKER") which BROKER acts as SELLING POLICY OWNER's agent in negotiations of the PURCHASE PRICE and in providing information and documentation to LBC on behalf of SELLING POLICY OWNER; (b) in addition to the PURCHASE PRICE, LBC will pay a commission to BROKER as compensation for this transaction; (c) regardless of BROKER'S receipt of commissions

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

or other compensation from LBC, BROKER represents the interests of SELLING POLICY OWNER only and does not represent the interests of INSURANCE COMPANY or LBC in the sale of the POLICY; (d) BROKER is not an agent of LBC; and (e) LBC does not represent SELLING POLICY OWNER in the sale of the POLICY.

SELLING POLICY OWNER further represents and warrants to LBC that: (a) this PURCHASE AGREEMENT is the legal, valid and binding obligation of the SELLING POLICY OWNER enforceable in accordance with its respective terms, (b) SELLING POLICY OWNER is the sole and undisputed owner of the POLICY, (c) the face amount of, and net death benefit payable under, the POLICY is correctly set forth herein, (d) the benefits under the POLICY are incontestable, as set forth in any contestability provisions of the POLICY and to the best of SELLING POLICY OWNER's knowledge there are no facts or circumstances in existence as of the date hereof which could serve as a defense to payment in full of the death benefits payable by the INSURANCE COMPANY to the named beneficiaries upon the death of the INSURED, (e) there are no liens on the POLICY, (f) (1)SELLING POLICY OWNER has not filed for bankruptcy and the POLICY has not been subject to any bankruptcy proceedings since both the date of the POLICY was issued and the effective date of any additions or changes in coverage provided by the POLICY or (2) if SELLING POLICY OWNER has filed for bankruptcy, the POLICY was not subject to the claims of creditors and SELLING POLICY OWNER has provided LBC with a true, complete and correct copy of the bankruptcy discharge document and any bankruptcy documents related to the POLICY, (g) the POLICY is not the subject of any law, divorce decree or other legal impediment which requires that the POLICY be maintained for the benefit of any person or entity or which prohibits or restricts SELLING POLICY OWNER from executing this PURCHASE AGREEMENT and/or from transferring the full ownership of the POLICY and changing the beneficiary designation thereof, (h) there are no restrictions on the transfer of the POLICY, (i) there are no unpaid premiums on the POLICY, (j) the POLICY is in full force and effect and has not lapsed, and, the original owner of the POLICY at issuance had an insurable interest in the INSURED at the time the POLICY was originally issued, and (k) all of the information contained in each of the documents delivered by or on behalf of SELLING POLICY OWNER to LBC in connection with this PURCHASE AGREEMENT is true, complete and correct and none of such information or representation and warranty omits to state a material fact necessary to make such information, representation and/or warranty not misleading in light of the circumstances under which such statement(s) were made.

In the event that a premium payment on the POLICY becomes due following the date on which settlement funds are deposited to ESCROW AGENT's escrow account but prior to the date on which INSURANCE COMPANY has recorded that the POLICY's ownership has been transferred to LBC or the ESCROW AGENT, SELLING POLICY OWNER shall make the minimum required premium payment to INSURANCE COMPANY to maintain the POLICY in force.

08-PA-Weller, M-92551064                     Page 2 of 7                     THE EMPIRE STATE BUILDING
                                                                            350 FIFTH AVENUE
                                                                            SUITE 6320
                                                                            NEW YORK, NY 10118
                                                                            800.875.1000
                                                                            212.643.1190
                                                                            212.643.1180 FAX
                                                                            WWW.LEGACYBENEFITS.COM

SELLING POLICY OWNER hereby acknowledges and understands that this AGREEMENT is based upon SELLING POLICY OWNER's application to LBC and that the statements and answers therein contained, continue to be true to the best of the SELLING POLICY OWNER's knowledge and belief, and shall continue to be true of the time of closing. Any change in SELLING POLICY OWNER's application shall be made in writing and signed by SELLING POLICY OWNER and LBC.

SELLING POLICY OWNER hereby acknowledges and agrees that LBC shall be permitted to disclose the identity and/or medical and financial information of SELLING POLICY OWNER to a third person if such disclosure is necessary to effect this PURCHASE AGREEMENT or necessary to permit LBC's financing entity, related trust or special purpose entity to finance the purchase of the POLICY by LBC.

Notwithstanding the foregoing, SELLING POLICY OWNER hereby acknowledges and agrees that LBC, at its own will and discretion, may transfer, sell, assign, or otherwise dispose of the POLICY and all its related legal, insurance, and medical documents to another purchaser(s) or financial institution at any time. SELLING POLICY OWNER and INSURED hereby acknowledge and agree that following the transfer of the POLICY by LBC, a subsequent owner of the POLICY shall have the right to directly request and obtain updated medical records regarding the INSURED from INSURED's medical practitioners for purpose of updating the INSURED's mortality evaluation or selling the POLICY to potential third parties. SELLING POLICY OWNER further acknowledges and agrees that any consents and authorizations relating to the release of personal data and medical information specifically contemplate the potential resale of the POLICY and the redisclosure of such information to potential purchasers of the POLICY.

There are no fees to be paid by SELLING POLICY OWNER to LBC in order to sell the POLICY.

It is agreed that an escrow agreement ("ESCROW AGREEMENT") shall be signed by LBC, SELLING POLICY OWNER, Wells Fargo Northwest, National Association, as escrow agent ("ESCROW AGENT"). The ESCROW AGREEMENT provides for the transfer of settlement proceeds due to SELLING POLICY OWNER within three (3) business days of receipt by LBC of written confirmation from INSURANCE COMPANY that the POLICY's ownership and/or assignment has been transferred to LBC.

It is agreed that LBC, as per the ESCROW AGREEMENT, shall arrange for the settlement funds to be deposited to ESCROW AGENT'S escrow account within three (3) business days of receipt by LBC or ESCROW AGENT of SELLING POLICY OWNER'S signed documents necessary to effect the transfer of the POLICY to LBC, its assigns or to the ESCROW AGENT.

SELLING POLICY OWNER has the right to rescind this PURCHASE AGREEMENT

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

before the earlier of thirty calendar days after the date when this PURCHASE AGREEMENT is executed by all parties or fifteen calendar days after the receipt of the settlement proceeds by the SELLING POLICY OWNER, provided that, within the rescission period SELLING POLICY OWNER advises LBC of SELLING POLICY OWNER'S desire to rescind and refunds LBC the settlement proceeds and any premiums, loans and loan interest. LBC's rights and interest in the POLICY will terminate upon LBC's timely receipt of such payment.

Should INSURED die prior to the end of the rescission period, it shall be deemed that SELLING POLICY OWNER has rescinded this PURCHASE AGREEMENT if repayment of all settlement proceeds and, if applicable, any premiums, loans and loan interest to LBC is made within forty-five days after the end of the rescission period.

SELLING POLICY OWNER hereby acknowledges that SELLING POLICY OWNER has been given the opportunity to review this PURCHASE AGREEMENT with independent counsel of SELLING POLICY OWNER'S choosing and is entering into this PURCHASE AGREEMENT freely and voluntarily, without constraint and without anyone exerting any influence of any kind over SELLING POLICY OWNER.

SELLING POLICY OWNER hereby acknowledges that SELLING POLICY OWNER consents to this PURCHASE AGREEMENT, has a full and complete understanding of this PURCHASE AGREEMENT and the benefits of the POLICY, has released INSURED's medical records to LBC, and has consulted with any such persons as SELLING POLICY OWNER shall have deemed appropriate prior to entering into this PURCHASE AGREEMENT.

This PURCHASE AGREEMENT, together with SELLING POLICY OWNER's APPLICATION and ESCROW AGREEMENT, constitute the entire contract between LBC and OWNER.

This PURCHASE AGREEMENT shall be construed and enforced in accordance with the laws of the State of New York excluding any conflict-of-laws rule or principle that might refer the governance or the construction of this agreement to the law of another jurisdiction, and any litigation related to this PURCHASE AGREEMENT shall be brought in the State of New York.

ANY PERSON WHO KNOWINGLY PRESENTS FALSE INFORMATION IN AN APPLICATION FOR INSURANCE OR VIATICAL SETTLEMENT CONTRACT IS GUILTY OF A CRIME AND MAY BE SUBJECT TO FINES OR CONFINEMENT IN PRISON.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____11_____ day of _____June_____, 200 7 .

SELLING POLICY OWNER: _____

STATE OF _____New Jersey_____ )
                                              ) SS:
COUNTY OF _____Somerset_____ )

On this _____11_____ day of _____June_____, 20007 , before me came _____
Christopher T. Daly – CFO/VP___ to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____

My Commission Expires _____4/21/2010_____

**SONIA LYNN AYERS**
**NOTARY PUBLIC OF NEW JERSEY**
Commission Expires 4/21/2010


IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____11_____ day of _____June_____, 200 7 .

SELLING POLICY OWNER: _____

STATE OF _____New Jersey_____ )
                                              ) SS:
COUNTY OF _____Somerset_____ )

On this _____11_____ day of _____June_____, 200 7 , before me came _____
Marc E. Feaster – CEO/Pres. to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____

My Commission Expires _____4/21/2010_____

**SONIA LYNN AYERS**
**NOTARY PUBLIC OF NEW JERSEY**
Commission Expires 4/21/2010

08-P.A.-Weller, M-92551864                                     Page 5 of 7

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.275.1000
212.643.1390
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____ day of _____, 200___.

SELLING POLICY OWNER: _____

STATE OF _____ )
                              ) SS:
COUNTY OF _____ )

On this _____ day of _____, 200___ , before me came ____
_____ to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____

My Commission Expires _____

IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_____ day of _____, 200___.

INSURED: _____

STATE OF _____ )
                              ) SS:
COUNTY OF _____ )

On this _____ day of _____, 200___ , before me came ____
_____ to me known to be the individual described
herein and who executed the foregoing instrument, and he duly acknowledged to me that
he executed the same.

Notary Public _____

My Commission Expires _____

08-PA-Weller; M-92551064                Page 6 of 7

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

LEGACY BENEFITS CORPORATION

By: _____
       Name                              Title

       _____
       Date

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 6320
NEW YORK, NY 10118
800.875.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM

# EXHIBIT B

**TRANSAMERICA LIFE COMPANIES**

## Assignment To Transfer Ownership
### for Life Insurance Policies
This form cannot be used for Annuity Plans or Contracts
(This form does not change the beneficiary of the Policy.)



☐ Transamerica Occidental Life Insurance Company
P.O. Box 419521
Kansas City, MO 64141-6521

☐ Transamerica Assurance Company
P.O. Box 30852
Los Angeles, CA 90030

☐ Transamerica Life Insurance and Annuity Company
P.O. Box 419521
Kansas City, MO 64141-6521

The Policy of Insurance is issued or assumed by one of the companies shown above, herein called the "Company"

**Policy Number:** 9255 1064     **Insured's Name:** Melanie A. Weller

| New Owner's Name | The recorded designation form will be mailed to the address shown at the left, unless otherwise indicated below and initialed by the owner. |
| --- | --- |
| Address | *Return Owner's Copy to:*    *Owner's Initials*<br>☐ General Agency/GA Code ___<br>☐ Fax to: ( ) |
| City          State          Zip | |

THIS FORM WILL NOT BE RECORDED IF MODIFIED UNLESS APPROVED BY THE COMPANY'S ADMINISTRATIVE OFFICES

☑ For good and sufficient consideration,          ☐ As a gift for love and affection with no valuable consideration,

all rights, title and interest of the undersigned in the Policy is hereby assigned for the purpose of transferring ownership to:

NAME OF NEW OWNER: _____

                                                                                            New Owner's Social Security No./Tax ID No.

TRUSTEE (S) NAME IF TRUST OWNER: _____

ADDRESS OF NEW OWNER: _____
                                          Address                    City                    State          Zip
The new Owner is:    ☐ Individual    ☐ Corporation    ☐ Partnership    ☐ Trust: ___ (indicate date)    ☐ Other ___ (specify)

NAME OF CONTINGENT OWNER (Optional): _____

                                                                                            Contingent Owner's Social Security No./Tax ID No.

TRUSTEE (S) NAME IF TRUST CONTINGENT OWNER: _____

ADDRESS OF CONTINGENT OWNER: _____
                                          Address                    City                    State          Zip
The Contingent Owner is:    ☐ Individual    ☐ Corporation    ☐ Partnership    ☐ Trust: ___ (indicate date)    ☐ Other ___ (specify)

Before the death of the Insured, the New Owner of the Policy alone shall be entitled to all rights granted by the Policy or allowed by the Company under the Policy, including the right to assign the Policy and the right to transfer ownership thereby revoking any prior designation of a Contingent Owner. If the New Owner is a Partnership, all rights of the Owner belong to the Partnership as constituted at the time a right is exercised. This Assignment revokes any previous designations of Contingent Owner for the Policy, regardless of whether a Contingent Owner is designated on this Assignment. If there is a designation for a New Contingent Owner, then if the Owner, or a Contingent Owner after becoming Owner, predeceases the Insured, the next surviving living Contingent Owner designated shall be the Owner of the Policy. If there is no surviving Contingent Owner, the estate of the deceased Owner (or the estate of a Contingent Owner who became the Owner) shall own the Policy.

Beneficiary Not Changed: This Assignment does not change the beneficiary of the Policy. Unless the right to change the beneficiary is specifically exercised by the New Owner, the beneficiary of the Policy shall be the same as the beneficiary of record at the time of this Assignment.

The Company may rely solely upon the signature of the Owner under this Assignment for any receipt, release, waiver, transfers or other instruments, to whomsoever made. The validity of this Assignment is hereby guaranteed by the undersigned. The signature to this Assignment is a warranty that the undersigned is legally capable of executing this Assignment and that no proceedings in insolvency or bankruptcy have been instituted by or against the undersigned.

ASSIGNMENT BY: (Signature Requirements on Reverse Side)

DATE SIGNED: 5-16-07          ViaSource Funding Group, LLC
                                          Print Name/Owner's Complete Name

(732)280-8500                    22-3849632
                                          Current Owner's Social Security Number/Tax ID Number          Christopher T Daly–CFO/VP

                                                                                            ViaSource Funding Group, LLC
Current Owner's Daytime Telephone Number

x _____                Current Owner's Signature (include Title, if Business or Trust)          ViaSource Funding Group, LLC
    Witness Signature                                                                       Mathew E Wessler–CEO/President

x 106 Allen Road, Bernard Township, NJ 07920     Current Owner's Signature (include Title, if Business or Trust)          ViaSource Funding Group, LLC
    Address of Witness

| This Assignment has been recorded at the Company. The Company assumes no legal responsibility for the sufficiency or validity of the Assignment. | |
| --- | --- |
| Date recorded: | by: |

### TRANSFER OF OWNERSHIP                                        TOA 504 M ED. 0899

_John Garvey_  John Garvey – Duly Authorized Signatory          6/18/07
Current Collateral Assignee – General Electric Capital Corporation          Date

# EXHIBIT C

**TRANSAMERICA LIFE COMPANIES**

## Assignment To Transfer Ownership
### for Life Insurance Policies
This form cannot be used for Annuity Plans or Contracts
(This form does not change the beneficiary of the Policy)

☐ Transamerica Occidental Life Insurance Company    ☐ Transamerica Assurance Company    ☐ Transamerica Life Insurance and Annuity Company
P.O. Box 412521                                     P.O. Box 30852                        P.O. Box 412521
Kansas City, MO 64141-6521                          Los Angeles, CA 90030                 Kansas City, MO 64141-6521
The Policy of Insurance is issued or assumed by one of the companies shown above, herein called the "Company"

**Policy Number:** 9255 1064      **Insured's Name:** Melanie A. Weller

| New Owner's Name Legacy Benefits Corporation | The recorded designation form will be mailed to the address shown at the left, unless otherwise indicated below and initialed by the owner. |
|---|---|
| Address 350 Fifth Avenue Suite #3.20 | Return Owner's Copy to: _____ Owner's Initials _____ |
| City New York   State NY   Zip 10118 | ☐ General Agency/GA Code _____  ☐ Fax to: ( ) |

THIS FORM WILL NOT BE RECORDED IF MODIFIED UNLESS APPROVED BY THE COMPANY'S ADMINISTRATIVE OFFICES
☒ For good and sufficient consideration,        ☐ As a gift for love and affection with no valuable consideration,
all rights, title and interest of the undersigned in the Policy is hereby assigned for the purpose of transferring ownership to:

NAME OF NEW OWNER: Legacy Benefits Corporation          13-3633985
                                                        New Owner's Social Security No./Tax ID No.
TRUSTEE (S) NAME IF TRUST OWNER: N/A

ADDRESS OF NEW OWNER: 350 Fifth Avenue Suite 9320  New York   NY   10118
                      Address                      City       State  Zip

The new Owner is:    ☐ Individual   ☒ Corporation   ☐ Partnership   ☐ Trust   ☐ Other
                                                                    (indicate one)      (specify)

NAME OF CONTINGENT OWNER (Optional): N/A              _____
                                                     Contingent Owner's Social Security No./Tax ID No.
TRUSTEE (S) NAME IF TRUST CONTINGENT OWNER: N/A

ADDRESS OF CONTINGENT OWNER: _____
                             Address         City        State    Zip

The Contingent Owner is:   ☐ Individual   ☐ Corporation   ☐ Partnership   ☐ Trust   ☐ Other
                                                                          (indicate one)    (specify)

Before the death of the Insured, the New Owner of the Policy alone shall be entitled to all rights granted by the Policy or allowed by the Company under the Policy, including the right to assign the Policy and the right to transfer ownership thereby revoking any prior designation of a Contingent Owner. If the New Owner is a Partnership, all rights of the Owner belong to the Partnership as constituted at the time a right is exercised. This Assignment revokes any previous designations of Contingent Owner for the Policy, regardless of whether a Contingent Owner is designated on this Assignment. If there is a designation for a New Contingent Owner, then if the Owner, or a Contingent Owner after becoming Owner, predeceases the Insured, the next successive living Contingent Owner designated shall be the Owner of the Policy. If there is no surviving Contingent Owner, the estate of the deceased Owner (or the estate of a Contingent Owner who became the Owner) shall own the Policy.

Beneficiary Not Changed: This Assignment does not change the beneficiary of the Policy. Unless the right to change the beneficiary is specifically exercised by the New Owner, the beneficiary of the Policy shall be the same as the beneficiary of record at the time of this Assignment.

The Company may rely solely upon the signature of the Owner under this Assignment for any receipt, release, waiver, transfers or other instruments, to whomsoever made. The validity of this Assignment is hereby guaranteed by the undersigned. The signature on this Assignment is a warranty that the undersigned is legally capable of executing this Assignment and that no proceedings in insolvency or bankruptcy have been instituted by or against the undersigned.

ASSIGNMENT BY: (Signature Requirements on Reverse Side )

DATE SIGNED: 07-17-07                 ViaSource Funding Group, LLC
                                      Print Individual's/Trust's Complete Name
(732)280-8500                         22-3649652
Current Owner's Daytime Telephone Number   Current Owner's Social Security Number/Tax ID Number   Christoper T Duly–CEO/VP
X [signature]                         [signature] CFO/VP              ViaSource Funding Group, LLC
  Witness Signature                   Current Owner's Signature (include Title, if Business or Trust)   Thomas E Frantal–CFO/President
X166 Allen Road, Bernard Township, NJ 07920   [signature] CEO/Pres.   ViaSource Funding Group, LLC
  Address of Witness                  Current Owner's Signature (include Title, if Business or Trust)

This Assignment has been recorded at the Company. The Company assumes no legal responsibility for the sufficiency or validity of this Assignment.

Date recorded: _____   by: _____

### TRANSFER OF OWNERSHIP
[signature] John Garvey – Duly Authorized Signatory   07/18/07
Current Collateral Assignee – General Electric Capital Corporation   Date

TOA 504 M ED. 4899

# EXHIBIT D

**TRANSAMERICA LIFE COMPANIES**

## Beneficiary Designation
### for Life Insurance Policies

☐ Transamerica Occidental Life Insurance Company
P.O. Box 419531
Kansas City, MO 64141-6521

☐ Transamerica Assurance Company
P.O. Box 30852
Los Angeles, CA 90030

☐ Transamerica Life Insurance & Annuity Company
P.O. Box 419531
Kansas City, MO 64141-6521

This Policy of Insurance is issued or assumed by one of the companies shown above, herein called the "Company"

**Policy Number:** 92551064          **Insured's Name:** Melanie A. Weller

| Owner's Name | | |
|---|---|---|
| Address | | |
| City | State | Zip |

The recorded designation form will be mailed to the address shown at the left, unless otherwise indicated below and initialed by the owner.

*Return Owner's Copy to:*                    **Owner's Initials**
☐ General Agency/GA Code _____
☐ Fax to: (    ) _____

This Beneficiary Designation cancels all prior Beneficiary Designations and settlement agreements for the policy, identified by the number above, herein called the "Policy. Please see instructions, signature requirements, special provisions and sample Beneficiary Designations before completing this Form. The Policy's Death Benefit shall be paid in one sum to the designated beneficiary (ies), unless otherwise requested.

BENEFICIARY: Print full name, address and relationship to Insured. For multiple beneficiaries of unequal shares, indicate each beneficiary's share in parts or as a percentage of the Policy's Death Benefit next to their names. *(See reverse for additional instructions)*

Primary Beneficiary (ies): If more than one beneficiary is named, payment will be made in equal shares to the survivor(s), unless otherwise indicated.
*Name                    Address                    City, State, Zip Code                    Relationship*

Contingent Beneficiary (ies): Receives proceeds at the death of the Insured only if all of the Primary Beneficiaries predecease the Insured.
*Name                    Address                    City, State, Zip Code                    Relationship*

**Signatures** (Signature Requirements on Reverse Side)

DATE SIGNED: 5-16-07

(732) 280-8500

**ViaSource Funding Group, LLC**
Policyowner(s) (Please Complete Name)

22-3649682

Current Owner's Daytime Telephone Number

Current Owner's Social Security Number/Tax ID Number
Christoper T Daly–CFO/VP

X _____
Witness Signature

Current Owner's Signature (include Title, if Business or Trust)
ViaSource Funding Group, LLC
Marc W Feaster–CEO/President

X 106 Allen Road, Bernards Township, NJ 07920
Address of Witness

Current Owner's Signature (include Title, if Business or Trust)
ViaSource Funding Group, LLC

This Beneficiary Designation has been recorded by the Company's Administrative Offices. The Company assumes no legal responsibility for the sufficiency or validity of the Beneficiary Designation.

Date recorded: _____          by: _____

John Gacey — John Gacey - Duly Authorized Signatory    6/18/07

Current Collateral Assignee – General Electric Capital Corporation          Date

**BENEFICIARY DESIGNATION**          TOB 306 M ED. 0799

# EXHIBIT E

TRANSAMERICA
HFB COMPANIES

**Beneficiary Designation**
for Life Insurance Policies

☐ Transamerica Occidental Life Insurance Company    ☐ Transamerica Assurance Company    ☐ Transamerica Life Insurance & Annuity Company
P.O. Box 410531                                     P.O. Box 30521                        P.O. Box 410521
Kansas City, MO 64141-0531                          Los Angeles, CA 90030                 Kansas City, MO 64141-0521

This Policy of Insurance is issued or assumed by one of the companies shown above, herein called the "Company"

Policy Number: **92551064**     Insured's Name: **Melanie A. Weller**

| Owner's Name **ViaSource Funding Group, LLC** | The recorded designation form will be mailed to the address shown at the left, unless otherwise indicated below and initialed by the owner. |
| Address **106 Allen Road** | Return Owner's Copy to:                                    Owner's Initials |
| City **Bernards Township**  State **NJ**  Zip **07920** | ☐ General Agency/GA Code _____  ☐ Fax to: ( ) _____ |

This Beneficiary Designation cancels all prior Beneficiary Designations and authorized agreements for the policy, identified by the number above, herein called the Policy. Please see instructions, signature requirements, special provisions and sample Beneficiary Designations before completing this Form. The Policy's Death Benefit shall be paid in accordance to the designated beneficiary (ies), unless otherwise requested.

BENEFICIARY: Print full name, address and relationship to insured. For multiple beneficiaries of unequal shares, indicate each beneficiary's share in parts or as a percentage of the Policy's Death Benefit next to their names. (See terms for additional instructions)

Primary Beneficiary (ies): If more than one beneficiary is named, payment will be made in equal shares to the survivor(s), unless otherwise indicated.

| Name | Address | City, State, Zip Code | Relationship |
| **Legacy Benefits Corporation** | **350 Fifth Avenue, Suite 4320** | **New York, NY 10118** | **Benefactor (financial)** |

Contingent Beneficiary (ies): Receives proceeds at the death of the insured only if all of the Primary Beneficiaries predecease the Insured.

| Name | Address | City, State, Zip Code | Relationship |
| **N/A** | | | |

Signatures (Signatures Requirements on Reverse Side)

DATE SIGNED: **07-16-07**

**[782]880-8500**
Current Owner's Daytime Telephone Number

x _____
Witness Signature

x **106 Allen Road, Bernards Township, NJ 07920**
Address of Witness

**ViaSource Funding Group, LLC**
Print/Type Owner's Complete Name

**22-3649832**
Current Owner's Social Security Number/Tax ID Number

x _____
Current Owner's Signature (Include Title, if Business or Trust)

x _____
Current Owner's Signature (Include Title, if Business or Trust)

This Beneficiary Designation has been recorded by the Company's Administrative Office. The Company assumes no legal responsibility for the sufficiency or validity of this Beneficiary Designation.

Date recorded: _____     by: _____

BENEFICIARY DESIGNATION
TOB 395 M ED. 0799

**John Geary — Duly Authorized Signatory    6/18/07**
Current Collateral Assignee – General Electric Capital Corporation     Date

EXHIBIT F

GREGORY T. CASAMENTO
LORD, BISSELL & BROOK LLP
Attorneys For Plaintiff
Legacy Benefits Corporation
885 Third Ave.
New York, NY 10022
212.947.4700
Fax 212-812-8385

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEGACY BENEFITS CORPORATION     :    Index No. 603172/07

      Plaintiff,          :

    - against -         :

VIASOURCE FUNDING GROUP, LLC,     :    **VERIFIED COMPLAINT**

      Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Legacy Benefits Corporation ("Legacy"), by its attorneys, Lord, Bissell & Brook, LLP, alleges as follows on knowledge as to its own actions and otherwise on information and belief:

### NATURE OF THE ACTION

1.     This is an action for damages for breach of contract, punitive damages, and attorneys' fees from Defendant, ViaSource Funding Group, LLC ("ViaSource").

2.     Plaintiff brings this action against ViaSource for willful breach of a Purchase Agreement and Irrevocable Absolute Assignment of Life Insurance Policy (the "Purchase Agreement") pursuant to which ViaSource had agreed to sell to Legacy Life Insurance Policy No. 92551064.

3.     Plaintiff Legacy hereby seeks damages arising from the breach of contract, punitive damages, and Legacy's attorneys' fees.

## PARTIES

4.      Legacy is a corporation organized, existing, and doing business under the laws of the State of New York, with its principal place of business located in New York.  Legacy is an innovative specialty-finance firm focused on the life settlement market.

5.      ViaSource is a limited liability company organized, existing, and doing business under the laws of the State of New Jersey, with its principal place of business in Bernard Township, New Jersey.  Upon information and belief, ViaSource is also a specialty-finance firm focused on the life settlement market.

6.      Jurisdiction and venue are appropriate in this Court because, upon information and belief, at all times hereinafter mentioned, ViaSource was and still is a foreign corporation duly authorized to transact business within the State of New York.  Additionally, ViaSource has consented to this jurisdiction and venue pursuant to the terms of the Purchase Agreement at issue in this action.

## FACTUAL BACKGROUND

7.      Both ViaSource and Legacy are in the business of, among other things, purchasing and selling life insurance policies.[1]

8.      On June 11, 2007, ViaSource executed a binding Purchase Agreement, pursuant to which ViaSource agreed to sell Legacy policy number 92551064 (the "Policy"), in consideration of $3,951,662. *See Ex. A.*[2]

9.      On July 27, 2007, Legacy executed the binding Purchase Agreement.

10.      Upon information and belief, the Policy was originally issued by TransAmerica Occidental Life Insurance Company (the "Insurer"), insuring the life of M.W. (the "Insured").

---

[1] The purchase and sale of a life insurance policy in the secondary market involves several steps.  Generally after the purchase agreement is entered into between a buyer and a seller and all requested information/documentation is provided to the buyer, the buyer places the purchase funds in escrow.  The buyer then sends change of ownership/beneficiary forms to the insurance company that issued the policy.  Once the insurance company, pursuant to the change of ownership forms, changes the policy ownership and beneficiary from the seller to the buyer, the buyer instructs the escrow agent to release the purchase funds to the seller.
[2] True Copies of all exhibits referenced herein are annexed.

11.     Upon information and belief, ViaSource purchased the policy from the Insured.

12.     At the time the Purchase Agreement was entered into, the Policy had a total face value of $4,312,500, to be paid to the Policy beneficiary upon the death of the Insured.

### The Life Settlement Transaction

13.     Pursuant to the Purchase Agreement, the purchase price of $3,951,662 was deposited into escrow with Wells Fargo Northwest, the agreed upon escrow agent.

14.     As provided for by the Purchase Agreement, ViaSource executed the Assignment to Transfer Ownership for Life Insurance Policies Form and a Beneficiary Designation Form on July 17, 2007 and July 16, 2007, respectively, (the "Change of Ownership Forms"), which instructed the Insurer to institute Legacy as the owner and beneficiary of the Policy.

15.     As contemplated by the Purchase Agreement, Legacy then sent the Insurer the Change of Ownership Forms via fax. *See Ex. B.*

### ViaSource Violates the Purchase Agreement

16.     On August 9, 2007, Legacy contacted the Insurer to confirm the Change of Ownership Forms were received and processed.

17.     The Insurer notified Legacy that ViaSource had instructed the Insurer to disregard any Change of Ownership Forms submitted after July 31, 2007.

18.     ViaSource never informed Legacy that the Insurer had been instructed to disregard the Change of Ownership Forms submitted after July 31, 2007.

19.     Moreover, ViaSource never provided notice to Legacy pursuant to the Purchase Agreement to rescind either during or following the rescission period. *See Ex. A* at Pg. 4.

### COUNT I

### (Breach of Contract)

20.     Legacy hereby incorporates the allegations set forth in the paragraphs listed above.

21.     ViaSource entered into a valid and binding contract with Legacy, which is reflected in the Purchase Agreement.

3

22.    By the terms of the Purchase Agreement and for adequate consideration, ViaSource agreed to sell the Policy to Legacy.

23.    ViaSource breached the Purchase Agreement by willfully instructing the Insurer to obstruct performance of the Purchase Agreement.

24.    As a consequence of the foregoing, Legacy has been damaged in the amount of $151,838.

25.    Legacy is entitled to receive damages as a result of ViaSource's breach of contract.

## COUNT II

### (Punitive Damages)

26.    Legacy hereby incorporates the allegations set forth in the paragraphs listed above.

27.    ViaSource acted maliciously in instructing the Insurer to disregard any Change of Ownership Forms submitted after July 31, 2007, because such instruction was given in willful, wanton, and reckless disregard of Legacy's contractual rights.

28.    Legacy is therefore entitled to punitive damages.

4

WHEREFORE, Legacy respectfully requests that this Court enter an order:

a.    Awarding Legacy damages for breach of contract in an amount no less than $151,838.00;

b.    Awarding Legacy punitive and exemplary damages;

c.    Awarding Legacy its reasonable attorneys' fees and costs and disbursements of the action; and

d.    For such other damages and relief as this Court may deem just and appropriate.

Dated:    New York, New York
          September 21, 2007

                                    Lord, Bissell & Brook LLP

                                    By: _____
                                        Gregory T. Casamento
                                        Sarah M. Chen
                                        Attorneys For Plaintiff
                                        Legacy Benefits Corporation
                                        885 Third Ave.
                                        New York, NY 10022
                                        212.947.4700
                                        Fax 212-812-8385

TO:    ViaSource Funding Group, LLC
       106 Allen Road
       Bernard Township, NJ 07920

5

Exhibit A

## PURCHASE AGREEMENT AND IRREVOCABLE
## ABSOLUTE ASSIGNMENT OF LIFE INSURANCE POLICY
## ("PURCHASE AGREEMENT")

ViaSource Funding Group, LLC, domiciled at 106 Allen Road, Bernard Township, NJ 07920 ("SELLING POLICY OWNER") and Melanie Weller ("INSURED") residing at 1034 Liberty Park Drive, Apt. 120, Austin, TX 78746, the owner and insured, respectively, of life insurance policy number 92551064 ("POLICY") issued by TransAmerica Occidental Life Insurance Company ("INSURANCE COMPANY"), and having a total face value of $ 4,312,500.00 (Four Million Three Hundred Twelve Thousand Five Hundred Dollars and 00/100 cts) in consideration of $3,951,662.00 (Three Million Nine Hundred Fifty One Thousand Six Hundred Sixty Two Dollars and 00/100) ("PURCHASE PRICE") to be paid to the SELLING POLICY OWNER by Legacy Benefits Corporation ("LBC"), a New York corporation having offices at Empire State Building, 350 Fifth Avenue, Suite 4320, New York, NY 10118, hereby assigns, transfers, and delivers to LBC, its successors, and/or assigns all of the rights, title, interest, options, and privileges in, to, and under the POLICY as owner/assignee thereof, subject to the terms of this agreement.

Included in this sale, assignment, transfer, and delivery shall be all monies due and to become due or payable under the POLICY and all dividends, options, benefits, and advantages derived from the POLICY, including, but not limited to, the right to surrender the POLICY at any time and to receive the surrender value thereof; the right upon the death of the insured, to collect the death benefit payable under the POLICY; and all other rights and benefits afforded to the owner, insured and/or beneficiary(ies) of and under the POLICY.

SELLING POLICY OWNER warrants the validity and sufficiency of this absolute and unconditional sale and assignment to LBC, its successors and/or assigns, of all of SELLING POLICY OWNER'S rights, title, to and/or interest in, and to the POLICY. SELLING POLICY OWNER further warrants that no tax or creditor's lien has been filed against SELLING POLICY OWNER, no judgment has been filed against SELLING POLICY OWNER or any of SELLING POLICY OWNER'S property, and no assignment has been made by SELLING POLICY OWNER for the benefit of creditors or any other persons.

SELLING POLICY OWNER hereby acknowledges and agrees that (a) SELLING POLICY OWNER is represented in this transaction by SELLING POLICY OWNER's independent life settlement broker ("BROKER") which BROKER acts as SELLING POLICY OWNER's agent in negotiations of the PURCHASE PRICE and in providing information and documentation to LBC on behalf of SELLING POLICY OWNER; (b) in addition to the PURCHASE PRICE, LBC will pay a commission to BROKER as compensation for this transaction; (c) regardless of BROKER'S receipt of commissions

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.685.1000
212.643.1350
212.643.1380 FAX
WWW.LEGACYBENEFITS.COM

or other compensation from LBC, BROKER represents the interests of SELLING POLICY OWNER only and does not represent the interests of INSURANCE COMPANY or LBC in the sale of the POLICY; (d) BROKER is not an agent of LBC; and (e) LBC does not represent SELLING POLICY OWNER in the sale of the POLICY.

SELLING POLICY OWNER further represents and warrants to LBC that: (a) this PURCHASE AGREEMENT is the legal, valid and binding obligation of the SELLING POLICY OWNER enforceable in accordance with its respective terms, (b) SELLING POLICY OWNER is the sole and undisputed owner of the POLICY, (c) the face amount of, and net death benefit payable under, the POLICY is correctly set forth herein, (d) the benefits under the POLICY are incontestable, as set forth in any contestability provisions of the POLICY and to the best of SELLING POLICY OWNER's knowledge there are no facts or circumstances in existence as of the date hereof which could serve as a defense to payment in full of the death benefits payable by the INSURANCE COMPANY to the named beneficiaries upon the death of the INSURED, (e) there are no liens on the POLICY, (f) (1)SELLING POLICY OWNER has not filed for bankruptcy and the POLICY has not been subject to any bankruptcy proceedings since both the date of the POLICY was issued and the effective date of any additions or changes in coverage provided by the POLICY or (2) if SELLING POLICY OWNER has filed for bankruptcy, the POLICY was not subject to the claims of creditors and SELLING POLICY OWNER has provided LBC with a true, complete and correct copy of the bankruptcy discharge document and any bankruptcy documents related to the POLICY, (g) the POLICY is not the subject of any law, divorce decree or other legal impediment which requires that the POLICY be maintained for the benefit of any person or entity or which prohibits or restricts SELLING POLICY OWNER from executing this PURCHASE AGREEMENT and/or from transferring the full ownership of the POLICY and changing the beneficiary designation thereof, (h) there are no restrictions on the transfer of the POLICY, (i) there are no unpaid premiums on the POLICY, (j) the POLICY is in full force and effect and has not lapsed, and, the original owner of the POLICY at issuance had an insurable interest in the INSURED at the time the POLICY was originally issued, and (k) all of the information contained in each of the documents delivered by or on behalf of SELLING POLICY OWNER to LBC in connection with this PURCHASE AGREEMENT is true, complete and correct and none of such information or representation and warranty omits to state a material fact necessary to make such information, representation and/or warranty not misleading in light of the circumstances under which such statement(s) were made.

In the event that a premium payment on the POLICY becomes due following the date on which settlement funds are deposited to ESCROW AGENT's escrow account but prior to the date on which INSURANCE COMPANY has recorded that the POLICY's ownership has been transferred to LBC or the ESCROW AGENT, SELLING POLICY OWNER shall make the minimum required premium payment to INSURANCE COMPANY to maintain the POLICY in force.

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.875.1900
212.643.1900
212.643.1100 FAX
WWW.LIFE-SCI/BENEFITS.COM

SELLING POLICY OWNER hereby acknowledges and understands that this AGREEMENT is based upon SELLING POLICY OWNER's application to LBC and that the statements and answers therein contained, continue to be true to the best of the SELLING POLICY OWNER's knowledge and belief, and shall continue to be true at the time of closing. Any change in SELLING POLICY OWNER's application shall be made in writing and signed by SELLING POLICY OWNER and LBC.

SELLING POLICY OWNER hereby acknowledges and agrees that LBC shall be permitted to disclose the identity and/or medical and financial information of SELLING POLICY OWNER to a third person if such disclosure is necessary to effect this PURCHASE AGREEMENT or necessary to permit LBC's financing entity, related trust or special purpose entity to finance the purchase of the POLICY by LBC.

Notwithstanding the foregoing, SELLING POLICY OWNER hereby acknowledges and agrees that LBC, at its own will and discretion, may transfer, sell, assign, or otherwise dispose of the POLICY and all its related legal, insurance, and medical documents to another purchaser(s) or financial institution at any time. SELLING POLICY OWNER and INSURED hereby acknowledge and agree that following the transfer of the POLICY by LBC, a subsequent owner of the POLICY shall have the right to directly request and obtain updated medical records regarding the INSURED from INSURED's medical practitioners for purpose of updating the INSURED's mortality evaluation or selling the POLICY to potential third parties. SELLING POLICY OWNER further acknowledges and agrees that any consents and authorizations relating to the release of personal data and medical information specifically contemplate the potential resale of the POLICY and the redisclosure of such information to potential purchasers of the POLICY.

There are no fees to be paid by SELLING POLICY OWNER to LBC in order to sell the POLICY.

It is agreed that an escrow agreement ("ESCROW AGREEMENT") shall be signed by LBC, SELLING POLICY OWNER, Wells Fargo Northwest, National Association, as escrow agent ("ESCROW AGENT"). The ESCROW AGREEMENT provides for the transfer of settlement proceeds due to SELLING POLICY OWNER within three (3) business days of receipt by LBC of written confirmation from INSURANCE COMPANY that the POLICY's ownership and/or assignment has been transferred to LBC.

It is agreed that LBC, as per the ESCROW AGREEMENT, shall arrange for the settlement funds to be deposited to ESCROW AGENT's escrow account within three (3) business days of receipt by LBC or ESCROW AGENT of SELLING POLICY OWNER'S signed documents necessary to effect the transfer of the POLICY to LBC, its assigns or to the ESCROW AGENT.

SELLING POLICY OWNER has the right to rescind this PURCHASE AGREEMENT

03-PA-Weller, M-92551064                    Page 3 of 7                          THE EMPIRE STATE BUILDING
                                                                                 350 FIFTH AVENUE
                                                                                 SUITE 4320
                                                                                 NEW YORK, NY 10118
                                                                                 800.275.1000
                                                                                 212.643.1390
                                                                                 212.643.1380 FAX
                                                                                 WWW.LEGACYBENEFITS.COM

before the earlier of thirty calendar days after the date when this PURCHASE AGREEMENT is executed by all parties or fifteen calendar days after the receipt of the settlement proceeds by the SELLING POLICY OWNER, provided that, within the rescission period SELLING POLICY OWNER advises LBC of SELLING POLICY OWNER'S desire to rescind and refunds LBC the settlement proceeds and any premiums, loans and loan interest. LBC's rights and interest in the POLICY will terminate upon LBC's timely receipt of such payment.

Should INSURED die prior to the end of the rescission period, it shall be deemed that SELLING POLICY OWNER has rescinded this PURCHASE AGREEMENT if repayment of all settlement proceeds and, if applicable, any premiums, loans and loan interest to LBC is made within forty-five days after the end of the rescission period.

SELLING POLICY OWNER hereby acknowledges that SELLING POLICY OWNER has been given the opportunity to review this PURCHASE AGREEMENT with independent counsel of SELLING POLICY OWNER'S choosing and is entering into this PURCHASE AGREEMENT freely and voluntarily, without constraint and without anyone exerting any influence of any kind over SELLING POLICY OWNER.

SELLING POLICY OWNER hereby acknowledges that SELLING POLICY OWNER consents to this PURCHASE AGREEMENT, has a full and complete understanding of this PURCHASE AGREEMENT and the benefits of the POLICY, has released INSURED's medical records to LBC, and has consulted with any such persons as SELLING POLICY OWNER shall have deemed appropriate prior to entering into this PURCHASE AGREEMENT.

This PURCHASE AGREEMENT, together with SELLING POLICY OWNER's APPLICATION and ESCROW AGREEMENT, constitute the entire contract between LBC and OWNER.

This PURCHASE AGREEMENT shall be construed and enforced in accordance with the laws of the State of New York excluding any conflict-of-laws rule or principle that might refer the governance or the construction of this agreement to the law of another jurisdiction, and any litigation related to this PURCHASE AGREEMENT shall be brought in the State of New York.

ANY PERSON WHO KNOWINGLY PRESENTS FALSE INFORMATION IN AN APPLICATION FOR INSURANCE OR VIATICAL SETTLEMENT CONTRACT IS GUILTY OF A CRIME AND MAY BE SUBJECT TO FINES OR CONFINEMENT IN PRISON.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4320
NEW YORK, NY 10118
800.375.1000
212.643.1350
212.643.1180 FAX
www.LEGACYBENEFITS.com

IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_11_ day of _June_ , 200 _7_ .

SELLING POLICY OWNER: _Chfy_

STATE OF _New Jersey_ )
)  SS:
COUNTY OF _Somerset_ )

On this _11_ day of _June_ , 200 _7_ , before me came _____
_Christopher T. Daly - CFO/VP_    to me known to be the individual described herein and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

Notary Public _Sonia L Ayers_

My Commission Expires _4/21/2010_

**SONIA LYNN AYERS**
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 4/21/2010


IN WITNESS WHEREOF, we have signed this PURCHASE AGREEMENT this

_11_ day of _June_ , 200 _7_ .

SELLING POLICY OWNER: _____

STATE OF _New Jersey_ )
)  SS:
COUNTY OF _Somerset_ )

On this _11_ day of _June_ , 200 _7_ , before me came _____
_Marc E. Feaster - CEO/Pres._ to me known to be the individual described herein and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

Notary Public _Sonia L Ayers_

My Commission Expires _4/21/2010_

**SONIA LYNN AYERS**
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 4/21/2010

03-PA-Waller. 26-92551064                  Page 5 of 7

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 6320
NEW YORK, NY 10118
800.805.1000
212.643.1190
212.643.1180 FAX
WWW.LEGACYBENEFITS.COM