UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                      :     Civil Action# **08 CV 03062**

GREENWICH LIFE SETTLEMENTS, INC. and    :     (DAB) ECF CASE
GREENWICH SETTLEMENTS MASTER TRUST,   :

                Plaintiffs,       :

                        :     **AMENDED ANSWER**
                  :     **TO CORRECTED**
      - against -            :     <u>**AMENDED COMPLAINT**</u>
                  :

VIASOURCE FUNDING GROUP, LLC,       :

                Defendant.     :
-------------------------------------------------------------------x

        Defendant, ViaSource Funding Group, LLC ("ViaSource"), by its undersigned attorneys,

Mayer Brown LLP, for its answer to plaintiffs' Corrected Amended Complaint (the

"Complaint"), states as follows:

        1.     Defendant denies the allegations in paragraph "1".

        2.     Defendant denies the allegations in paragraph "2".

        3.     Defendant denies the allegations in paragraph "3".

        4.     Defendant denies knowledge and information sufficient to form a belief as to the

truth of the allegations in paragraph "4".

        5.     Defendant denies knowledge and information sufficient to form a belief as to the

truth of the allegations in paragraph "5".

        6.     Defendant admits the allegations in paragraph "6".

        7.     Defendant admits the allegations in paragraph "7".

8.    Defendant denies the allegations in paragraph "8", except that it admits that it signed a copy of the Purchase Agreement and respectfully refers the Court to a copy of that agreement which speaks for itself.

9.    Defendant denies the allegations in paragraph "9" and respectfully refers the Court to a copy of that agreement which speaks for itself.

10.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "10", except that it admits that the allegations in paragraph "10" accurately describe certain life settlement transactions.

11.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "11", except that it admits that investors who have purchased an in-force life insurance policy through a life insurance settlement may re-sell that policy in the secondary market.

12.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "12".

13.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "13", except that it admits that the purchase of a life insurance policy through a provider in the secondary market may involve the steps described in paragraph "13".

14.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "14", except that it admits that ViaSource purchased the Policy from Frozen Foods in a life settlement transaction facilitated by Life Equity, LLC and, in so doing, became entitled to receipt of the Policy's death benefit upon the Insured's passing.

15.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "15".

16.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "16".

17.    Defendant denies the allegations in paragraph "17", except that it admits that ViaSource signed a copy of the Purchase Agreement on June 11, 2007.

18.    Defendant denies the allegations in paragraph "18", except that it admits that, at the time that ViaSource signed a copy of the Purchase Agreement on June 11, 2007, the Policy had a death benefit of approximately $5,200,000.

19.    Defendant denies the allegations in paragraph "19", except that it denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "19" regarding Greenwich.

20.    Defendant denies the allegations in paragraph "20", except that it (a) admits that ViaSource signed a Beneficiary Designation Form and Assignment to Transfer Ownership, and (b) denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "19" regarding Legacy's conduct.

21.    Defendant denies the truth of the allegations in paragraph "21".

22.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "22".

23.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "23".

24.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "24".

25.     Defendant admits the allegations in paragraph "25".

26.     Defendant denies the allegations in paragraph "26", except that it admits that, prior to September 13, 2007, it did not provide notice to Legacy of any rescission of the Purchase Agreement because it did not know that Legacy had executed the Purchase Agreement.

27.     Defendant denies the allegations in paragraph "27".

28.     Defendant denies the allegations in paragraph "28", except that it denies knowledge and information sufficient to form a belief as to whether, at all times, Greenwich was ready, willing and able to complete the purchase of the Policy.

29.     Defendant denies the allegations in paragraph "29".

30.     Defendant admits the truth of the allegations in paragraph "30".

31.     Denies the allegations in paragraph "31".

32.     As to paragraph "32", Defendant repeats and reiterates all of its responses in paragraphs "1-31" as if fully set forth at length herein.

33.     Defendant denies the allegations in paragraph "33".

34.     Defendant denies the allegations in paragraph "34".

35.     Defendant denies the allegations in paragraph "35".

36.     Defendant denies the allegations in paragraph "36".

37.     Defendant denies the allegations in paragraph "37".

38.     Defendant denies the allegations in paragraph "38".

39.     As to paragraph "39", Defendant repeats and reiterates all of its responses in paragraphs "1-38" as if fully set forth at length herein.

40.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "40".

41.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "41.

42.    Defendant denies the allegations in paragraph "42".

43.    Defendant denies the allegations in paragraph "43".

44.    Defendant denies the allegations in paragraph "44".

45.    Defendant denies the allegations in paragraph "45".

46.    Defendant denies the allegations in paragraph "46".

47.    Defendant denies the allegations in paragraph "47".

48.    As to paragraph "48", Defendant repeats and reiterates all of its responses in paragraphs "1-48" as if fully set forth at length herein.

49.    Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "49".

50.    Defendant denies the allegations in paragraph "50".

51.    Defendant denies the allegation in paragraph "51".

52.    Defendant denies the allegations in paragraph "52".

53.    Defendant denies the allegations in paragraph "53".

54.    Defendant denies the allegations in paragraph "54".

55.    As to paragraph "55", Defendant repeats and reiterates all of its responses in paragraphs "1-51" as if fully set forth at length herein.

56.    Defendant denies the allegations in paragraph "56".

57.    Defendant denies the allegations in paragraph "57".

58.    Defendant denies the allegations in paragraph "58".

59.    Defendant denies the allegations in paragraph "59".

60.     Defendant denies the allegations in paragraph "60".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61.     The Complaint fails to state a cause of action because, *inter alia*, there is no privity of contract and/or consideration by or between the parties.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62.     The Complaint must be dismissed, as all conditions precedents have not been satisfied.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63.     The Complaint must be dismissed, as defendant had no duty, in law or equity, to plaintiffs.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64.     Plaintiffs' claims must be dismissed based upon their unclean hands and the doctrines of waiver, estoppel and laches.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

65.     Plaintiffs' claim for tortious interference must fail, as the "economic justification" defense defeats the claim, and plaintiffs' cannot demonstrate actual malice or illegality by defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66.     The allegations set forth in plaintiffs' complaint do not state a proper cause of action upon which punitive damages can be awarded.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

67.     The Complaint must be dismissed under the doctrine of Release.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

68.     The Complaint must be dismissed under the doctrine of Accord and Satisfaction.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

69.     The plaintiffs' claims, if any, are barred and extinguished by settlement.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

70.     The plaintiffs' claims, if any, are barred by res judicata and collateral estoppel.


Dated:  New York, New York
        December 9, 2010

                                    MAYER BROWN LLP

                                    By:   _____
                                          Brian J. O'Sullivan (BO-3569)
                                          1675 Broadway
                                          New York, NY 10019-5820
                                          (212) 506-2500

                                    OF COUNSEL:
                                    Clifford H. Schoenberg, Esq.

                                    Attorneys for Defendant,
                                        ViaSource Funding Group, LLC


TO:     Richard G. Haddad, Esq.
        **OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**
        Attorneys for *Plaintiffs*
        230 Park Ave.
        New York, New York 10169

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of December, 2010, a true and correct copy of the

foregoing **AMENDED ANSWER TO CORRECTED AMENDED COMPLAINT,** was

served by electronic and first class mail on:

TO:        Richard G. Haddad, Esq.
                **Otterbourg, Steindler, Houston & Rosen, P.C.**
                Attorneys for *Plaintiffs*
                230 Park Avenue
                New York, New York 10169

                                        /s/
                            Brian J. O'Sullivan